Earnest GARCIA et al., Appellants,

v.

Ethel O. TUBBS, Appellee.

No. 6101.

Court of Civil Appeals of Texas.

Beaumont.

March 21, 1957.

Rehearing Denied April 10, 1957.

Magus F. Smith, McAllen, W. H. Wren, Hamilton, for appellants.

Bradford Pickett, Liberty, Bell & Blair, Beaumont, for appellee.

ANDERSON, Justice.

The appeal is from an order of the district court of Hardin County granting a temporary injunction restraining appellants, Earnest Garcia, Oscar Garcia, Paul Garcia, and Ray Hobbs, and also their agents, servants, representatives and employees, "from any further cutting, selling and removal or use of logs and timber on and from" described land in Hardin County pending final disposition of the suit.

A temporary restraining order preceded the temporary injunction, having been granted on plaintiff's verified petition September 14, 1956. It was continued in effect, apparently with the consent of the defendants, until the application for temporary injunction was heard and granted on October 26, 1956.

The plaintiff, Ethel O. Tubbs, a feme sole, alleged in her petition that she owns a described 700-acre tract of land in Hardin County, a part of the Gregoria Garcia League; that she has owned, paid taxes on, and been in possession of the land ever since it was deeded to her on February 7, 1929; that, in particular, she had had full, complete and exclusive possession of the land for more than fifteen years next preceding the filing of her petition; that on September 10, 1956, the defendants, their agents, servants, representatives and employees, without lawful right or authority, began, had since continued, and unless restrained therefrom would continue, cutting and removing timber from the land, to her irreparable injury; and that she was without adequate remedy at law. She prayed for a temporary restraining order and temporary injunction, and that on final hearing the temporary injunction be made permanent. She also prayed for the value of timber the defendants had already cut and removed and for general relief.

The defendants filed a plea in abatement or motion to dismiss the suit, but the record does not reflect that the plea or motion was ever urged or ruled upon. The ground for dismissal that was advanced was that plaintiff's petition shows on its face that

plaintiff is endeavoring by suit for injunction to try title to land. Subject to said plea in abatement or motion to dismiss, the defendants answered by general denial and by specially denying plaintiff's allegations of ownership and possession. In addition, they affirmatively pleaded that they, along with others whom they did not identify, own the entire Gregoria Garcia League by inheritance through successive generations from the original grantee. They also alleged that they have the entire league fenced and in possession, and that it has been in the possession of members of the Garcia family ever since it was first granted in 1835.

Plaintiff made no effort at the hearing to prove record title to the land described in her petition. Instead, she addressed her evidence to proof of prior and long-continued possession, commenced and continued under claim of title. She relied upon possession through tenants while claiming title under a deed which was made to her on February 7, 1929, and which was recorded in the deed records of Hardin County on February 18, 1929. Evidence was adduced to show that continuously since 1937 approximately 150 acres of the land had been under fence and in the actual possession of persons who held under and for the plaintiff, under tenancy agreements applicable to the 700-acre tract as a whole. A written tenancy agreement covering all of the 700 acres was entered into between plaintiff and Evertt Guedry and wife on February 1, 1947, and was recorded in the deed records of Hardin County on April 29, 1947. Both it and the aforesaid deed were introduced in evidence, and Evertt Guedry testified that ever since entering into the tenancy agreement he had been holding under it and had been using the fenced land as a pasture, the while exercising dominion over the balance of the tract. His testimony was corroborated by that of other witnesses. There was also evidence, of course, to show that on or about September 10, 1956, the defendants entered upon the land and began cutting and removing timber therefrom.

The timber so cut and removed stood outside of the above-mentioned inclosure.

Cross-examination of plaintiff's witnesses developed that as of the time at which the case was tried the Gregoria Garcia League was completely inclosed, or was at least separated from adjoining land, by a fence or fences, and that at least one of the defendants was living on the league and had been doing so during the preceding three or four years, but at a place remote from the 700 acres with which we are concerned. We gather from the evidence as a whole that inclosure of the land had been brought about by the defendants by building spans of fence between the fences of other persons, and that the spans the defendants erected had not been long completed.

Except to the extent they did so by their cross-examination of plaintiff's witnesses, and by placing in evidence a pleading they had filed in the case but which had been superseded by the answer on which they went to trial, the defendants offered no evidence. The superseded answer, which had been sworn to by one of the defendants before it was filed, was substantially the same as the answer on which the case was tried, the allegations of which have been hereinabove summarized. It was received in evidence over plaintiff's objections.

Appellants have brought forward four points of error, but only points three and four need be considered on their merits. Point one, which complains of the overruling of appellants' plea in abatement, is without support in the record, since the record does not reflect that the plea was ruled on or was even presented for a ruling. Point two has been waived by failure to brief it. Appellants have purported to brief points two and three together, but we fail to perceive any affinity between the two points, and the brief of the argument is applicable to point three only.

Point three is as follows: "The court erred in the order granting the injunction by failure to incorporate a reason cogniza-

ble in law or equity to substantiate the decree."

■ Appellants' basic contention, of course, is that the court's order failed to comply with the provision of Rule 683, Texas Rules of Civil Procedure, that says that "every order granting an injunction * * * shall set forth the reasons for its issuance." It is argued that the reason assigned in the order for granting the injunction is not such a one as the rule contemplates, and amounts, therefore, to no reason at all, it being: "* * * that plaintiff in said cause will suffer irreparable injury, loss and damage and that waste will be occasioned unless temporary injunction, as prayed for by plaintiff, is issued."

While the order might not be sufficient in other circumstances to meet the requirements of Rule 683 in the respect in question, we are nevertheless of the opinion that it is sufficient on the record that is before us. The court having concluded, as it necessarily did, that the plaintiff had a probable right to the land and timber, it was only necessary that the order set forth the court's reasons for believing that this probable right would be endangered if the writ did not issue. Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549, 553. The manner in which the probable right would be endangered, physically speaking, by a continuation of the only acts which the defendants were restrained from doing—the cutting and removal of timber—was and is self-evident, and when the court found and recited in the order that the probable injury that would result to plaintiff was one for which the law afforded no adequate remedy, we think the aforesaid rule was sufficiently complied with. Point three is accordingly overruled.

Point four, which we have concluded is likewise without merit, is as follows: "The appellee failing to prove any sort of title to the land involved in this suit, and the appellants showing both title and possession of said land by their verified, uncontradicted answer, the judgment should have been for appellants."

■ Contrary to their contention, the appellants proved nothing by the superseded pleading they introduced in evidence. As regards the truth or falsity of the allegations made in it, the pleading was both a self-serving declaration and hearsay, and it should have been excluded when objected to by the plaintiff on those grounds. Despite its admission in evidence, however, being hearsay, the pleading was and is without probative force to prove the matters alleged in it. Texas Co. v. Lee, 138 Tex. 167, 157 S.W.2d 628, 631. The trial court was therefore at liberty to disregard it, and presumably did so. There was no evidence otherwise to prove that appellants are or were the true owners of the Gregoria Garcia League or of undivided interests therein, and none to prove that they had had possession of the 700-acre tract before appellee entered into possession of it. Appellants wholly failed, therefore, to show any right in themselves to enter upon the land in question or to cut or remove timber therefrom.

■ Appellee, on the other hand, made prima facie proof that through tenants she had been continuously and peaceably in actual possession of a substantial part of the 700-acre tract and in constructive possession of the balance thereof, claiming title to the whole under a deed of record, since long before any of the appellants are shown to have entered upon any part of the league. This was a sufficient showing to entitle her to prevail either at law or in equity against a naked trespasser. Durham v. Houston Oil Co. of Texas, Tex.Com. App., 222 S.W. 161; House v. Reavis, 89 Tex. 626, 35 S.W. 1063; Lockett v. Glenn, Tex., 65 S.W. 482. It raised a presumption that appellee held title to the land, there being no evidence to the contrary. Richardson v. Houston Oil Co. of Texas, Tex.Civ. App., 176 S.W. 628, 629, error refused.

■■ No final adjudication of title or of right to possession was involved on the hearing for temporary injunction. In determining whether to grant the injunction in order to maintain the status quo pending final determination of the rights of the parties, the trial court was only concerned with whether the plaintiff had shown a *probable right and probable injury.* Transport Co. of Texas v. Robertson Transports, 152 Tex. 557, 261 S.W.2d 549, 552, and cases therein cited. We are of the opinion that by both her pleadings and evidence the plaintiff presented a case of probable right and probable injury, and we would therefore not be justified in holding that the trial court abused its discretion in granting the writ. See Southwestern Greyhound Lines, Inc. v. Railroad Commission, 128 Tex. 560, 99 S.W.2d 263, 109 A.L.R. 1235; Texas Foundries v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460, 462; Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549, 552.

No error having been presented, the judgment of the trial court is affirmed.