**Roger H. STONER, Appellant,**

v.

**Joe Glenn THOMPSON et al., Appellees.**

**No. 16866.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

May 12, 1977.

Rehearing Denied June 9, 1977.

Horkin & Horkin, Patrick J. Horkin, Jr., Corpus Christi, for appellant.

Andrews, Kurth, Campbell & Jones, Hall E. Timanus, Fulbright & Jaworski, David J. Beck, Houston, for appellee, Texas Media Group, Inc.

COLEMAN, Chief Justice.

This is an appeal from a judgment granting a temporary injunction. The judgment will be reversed.

Roger H. Stoner is the general manager of Radio Station KZFM in Corpus Christi, Texas, which is owned by Texas Media Group, Inc. Mr. Stoner owns 49% of the stock of Texas Media Group, Inc. The remaining stock in the corporation is owned by Joe Glenn Thompson, Frank Geron, Page Nelson, and Raymond Reid. Arnold and Audrey Malkan made a tender offer for all of the stock in Texas Media Group, Inc., or for 51% of said stock. A dispute between Stoner and certain other stockholders concerning the right of these stockholders to sell their stock to the Malkans culminated in the filing of law suits in Nueces County and Harris County. Texas Media Group, Inc. intervened in one of the suits which was filed in Harris County, Texas, seeking a declaratory judgment. Subsequently there was filed an application for a temporary restraining order, temporary injunction, and the permanent injunction. After a hearing the trial court granted a temporary injunction from which action this appeal is taken.

The injunction recites:

. . . "The reasons for the issuance of the hereinafter set forth injunctive relief are that Texas Media Group, Inc., acting by and through its directors, had a legal right to terminate Roger H. Stoner as general manager and as an employee of Radio Station KZFM in Corpus Christi, Texas, that Texas Media Group, Inc. was thereafter entitled to have Roger H. Stoner remove himself from the premises of Radio Station KZFM, that Texas Media Group, Inc. is entitled to have all of the books, records and other documents of Radio Station KZFM and the corporation turned over to the corporation, and that Texas Media Group, Inc. is entitled to have all books, records and other documents removed by Roger H. Stoner returned to the premises of Radio Station KZFM and into the possession and control of Texas Media Group, Inc. The court is

further of the belief that the situation which presently exists is harmful to Texas Media Group, Inc. and its employees including the employees of Radio Station KZFM . . . ."

■ Rule 683, T.R.C.P. requires that the reasons for the granting of a temporary injunction must be stated in the order. It is not required that the trial court explain its reasons for believing that the applicant has shown a right for final relief, but it is necessary to give the reasons why injury will be suffered if the interlocutory relief is not ordered. *State v. Cook United, Inc.,* 464 S.W.2d 105 (Tex.1971).

■ The trial court has recited in detail its reasons for believing that the applicant has shown a probable right to relief and has stated its belief that the situation existing is harmful to the corporation and its employees. The conclusion that the situation is harmful is not a reason why injury will be suffered if the interlocutory relief is not ordered. The failure to include in the order a reason why the court deems issuance of the writ proper for preventing injury to the applicant is reversible error. *Transport Co. of Texas v. Robertson Transports, Inc.,* 152 Tex. 551, 261 S.W.2d 549 (1953); *State v. Cook United, Inc.,* supra.

The judgment of the trial court is reversed and the temporary injunction is dissolved, with costs of appeal assessed against appellees.

Judgment rendered and opinion filed May 12, 1977.

On Motion for Contempt

■ An original motion to have Roger H. Stoner held in contempt because of his refusal to obey an order entered by the trial court on December 17, 1976 was filed in this court on January 12, 1977. The matter was referred back to the district court for an evidentiary hearing. A transcript of the proceedings in the trial court has been furnished this court. We find that the order which Mr. Stoner has refused to obey is not sufficiently specific to be enforceable by contempt proceedings.

On December 10, 1976 in Cause No. 1,091,360 in the District Court of Harris County, Texas, entitled *Roger H. Stoner v. Joe Glenn Thompson et al*, the court entered an order restraining Roger H. Stoner from denying Texas Media Group, Inc. acting by and through its president, Dr. Frank Gerow, complete control and possession of all books, records and other documents of Radio Station KZFM. The order provided that it would become effective when signed and entered by the court, "provided that Texas Media Group, Inc. shall file with the clerk of this court a bond in the amount of $200,000., with one or more sufficient sureties, approved and conditioned as the law requires, or that Texas Media Group, Inc. shall satisfy any further order of this court pertaining to such bond."

On December 22, 1976 the court entered an order reducing the bond previously required to the sum of $100,000. An additional provision in the order reads:

> "It is further ORDERED, ADJUDGED and DECREED that, prior to the posting of such bond, Applicant, Texas Media Group, Inc., is immediately entitled to have accounts and auditors of its choice inspect the books and records of Texas Media Group, Inc. and Radio Station KZFM in Corpus Christi, Nueces County, Texas to satisfy the bonding company concerning the aforementioned bond."

By the motion filed in this court Texas Media Group, Inc. alleges that Roger H. Stoner was general manager of the radio station and had physical control over the premises of Radio Station KZFM and over the books and records of the station. It is alleged that he refused to allow the duly elected officer of the corporation to examine the books and records of the radio station and that his conduct renders him in contempt of the court's order of December 22, 1976.

The problem which we face is not unique. The Supreme Court of California in *Hotaling v. Superior Court*, 191 Cal. 501, 217 P. 73 (1923) stated:

> . . . "If, in the *Dewey* Case, [*Dewey v. Superior Court*, 81 Cal. 64, 22 P. 333], a

command to remove the dam could not be implied from a decree enjoining the further maintenance thereof, certainly in the instant case a command to transfer the stock on the books to the Union Trust Company is not to be implied from a purely declaratory adjudication that Mrs. Hotaling is the owner and entitled to the possession thereof. That case, which has never been overruled, stands as express authority for the rule that, to constitute a constructive contempt of the sort here claimed, there must have been an 'omission to perform an act which has been required by the terms of the original order.' The terms of the order here relied upon do not expressly require the performance of any act. They merely declare the fact of the ownership of the stock. There is a complete 'omission of all words of a mandatory character . . . . .' "

The Georgia rule was stated in an opinion of the Supreme Court in the case of *Wilson v. Chumney*, 214 Ga. 120, 103 S.E.2d 552 (1958) in these words:

> "An order or judgment which merely declares the rights of the parties without an express command or prohibition is not one which may be the basis for a contempt proceeding or the failure to comply therewith . . . ."

No Texas case has been called to our attention in which this precise question has been presented. In *Ex parte Slavin*, 412 S.W.2d 43 (Tex.1967), the court said:

> "It is an accepted rule of law that for a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him . . . ."

In support of the rule quoted above the Supreme Court cited and quoted from *Ex parte Duncan*, 42 Tex.Cr.R. 661, 62 S.W. 758 (1901). The quotation reads:

> . . . "Where the court seeks to punish either by fine, arrest, or imprisonment for a disobedience of an order or com-

mand, such order or command must carry with it no uncertainty and must not be susceptible of different meanings or constructions, but must be *in the form of a command,* and, when tested by itself, must speak definitely the meaning and the purpose of the court in ordering . . . " (emphasis added).

The order in which we are here concerned does not prohibit Roger H. Stoner from interfering with Texas Media Group, Inc. in having its records inspected by an accountant of its choice. Neither does it require Roger Stoner to deliver the records up to the president of Texas Media Group, Inc. as did the previously issued temporary injunction, which is not effective because of the failure of the corporation to post the required bond. The order merely declares the rights of the corporation; it does not define the duties imposed upon Mr. Stoner or the acts which he is restrained from doing. The order is not enforceable by contempt pleadings. *Ex parte Butler,* 523 S.W.2d 309 (Tex.Civ.App.—Houston [1st], 1975); *French v. Pobst,* 203 Va. 704, 127 S.E.2d 137 (1962).

The motion of Texas Media Group, Inc. to hold Roger H. Stoner in contempt is denied.

Motion for Contempt refused and opinion filed May 12, 1977.