**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION 479, Chris Kibbe, Sabine Area Building & Construction Trades Council, and Joseph Arabie, Appellants,**

v.

**BECON CONSTRUCTION COMPANY, INC., Appellee.**

No. 09–02–217 CV.

Court of Appeals of Texas, Beaumont.

Submitted Feb. 6, 2003.

Decided April 10, 2003.

John Werner, Reaud, Morgan & Quinn, Inc., Beaumont, for appellants.

J. Alfred Southerland, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Houston, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

Appellants, the International Brotherhood of Electrical Workers Local Union 479, Chris Kibbe, Sabine Area Building & Construction Trades Council, and Joseph Arabie, ask this court to dissolve a temporary injunction entered against them at the request of Becon Construction Company, Inc. The order restrains appellants from mass picketing in violation of section 101.152 of the Texas Labor Code.[1]

Appellants' first issue asks:

Did the trial court err in exercising jurisdiction over a labor-management dispute in the absence of "violence and imminent threats to the public order", in violation of the rule of *San Diego Build-*

*ing Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959)?

Under *Garmon,* the State may enjoin "conduct marked by violence and imminent threats to the public order." *San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v. Garmon,* 359 U.S. 236, 247, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959). Relying on *Dallas Gen. Drivers, Warehousemen and Helpers Local 745 v. Central Beverage, Inc.,* 507 S.W.2d 596, 598 (Tex.Civ.App.-Dallas 1974, writ ref'd n.r.e.), appellants contend that absent a showing of violence or imminent threat to public order, the state court lacks jurisdiction to grant injunctive relief against picketing in a labor dispute.

As recognized by the Court in *Belknap, Inc. v. Hale,* 463 U.S. 491, 498, 103 S.Ct. 3172, 77 L.Ed.2d 798 (1983), under *Garmon,* state regulations and causes of action are presumptively preempted if they concern conduct that is actually or arguably either prohibited or protected by the NLRA. However, the state regulation or cause of action may be sustained if the activity to be regulated is only of peripheral concern to the federal law or touches interests so deeply rooted in local feeling and responsibility that in the absence of compelling congressional direction, it cannot be inferred Congress has deprived the States of the power to act. *See Garmon,* 359 U.S. at 243–44, 79

---

1. **§ 101.152. Mass Picketing Prohibited**

    (a) A person may not engage in any form of picketing activity in which a picket constitutes any character of obstacle to the free ingress to and egress from an entrance to any premises, either by obstructing the free ingress and egress with the person's body or by placing a vehicle or other physical obstruction.

    (b) In this section, "picket" includes a person:

    (1) stationed by or acting for an organization to:

(A) induce anyone not to enter the premises being picketed; or

(B) observe the premises being picketed to ascertain who enters or patronizes the premises; or

(2) who follows employees or patrons of the premises being picketed to or from those premises to observe them or to attempt to dissuade them from entering or patronizing the premises.

TEX. LAB.CODE ANN. § 101.152 (Vernon 1996).

S.Ct. 773. *Accord Ruiz v. Miller Curtain Co.*, 702 S.W.2d 183, 184–85 (Tex.1985).

As an example of the latter situation, the *Garmon* court cites *Youngdahl v. Rainfair, Inc.*, 355 U.S. 131, 78 S.Ct. 206, 2 L.Ed.2d 151 (1957). *Garmon*, 359 U.S. at 244, 79 S.Ct. 773. In that case, Rainfair filed a complaint against strikers, and the state court eventually issued a permanent injunction. *Youngdahl*, 355 U.S. at 136, 78 S.Ct. 206. The order enjoined the threatening and intimidation of Rainfair's employees and all picketing or patrolling of Rainfair's premises. *Id.* The Court found the state court entered the preempted domain of the NLRB insofar as it enjoined peaceful picketing, and to that extent the injunction was set aside. *Id.*, 355 U.S. at 139–40, 78 S.Ct. 206. It was within the state court's discretionary power to enjoin future acts of violence, intimidation, and threats of violence and "insofar as the injunction ... prohibits petitioners ... from threatening violence against, or provoking violence, ... and prohibits them from obstructing or attempting to obstruct the free use of the streets adjacent to respondent's place of business, and the free ingress and egress to and from that property," the injunction was affirmed. *Id.*, 355 U.S. at 139, 78 S.Ct. 206.

The Court observed in *Sears*, "[t]he Court has held that state jurisdiction to enforce its laws prohibiting ... obstruction of access to property is not preempted by the NLRA." *Sears, Roebuck & Co. v. San Diego County Dist. Council of Carpenters*, 436 U.S. 180, 204, 98 S.Ct. 1745, 56 L.Ed.2d 209 (1978) (footnotes omitted). *Accord Cotton Belt R.R. v. Hendricks*, 768 S.W.2d 865, 868 (Tex.App.-Texarkana 1989, no writ). *See also International Union, United Auto., Aircraft & Agric. Implement Workers of Am. v. Russell*, 356 U.S. 634, 636, 640, 78 S.Ct. 932, 2 L.Ed.2d 1030 (1958) (Court noted strike, which in-

volved a picket line along and in the public street which was the only means of ingress to and egress from the plant, was conducted in such a manner that the state court could have enjoined it); *United Auto., Aircraft & Agric. Implement Workers of America v. Wisconsin Employment Relations Bd.*, 351 U.S. 266, 268, 275, 76 S.Ct. 794, 100 L.Ed. 1162 (1956) (Court upheld order directing union and certain of its members to cease activities which included mass picketing that obstructed ingress to and egress from plant and interfered with the free and uninterrupted use of public ways.); and *Allen–Bradley Local 1111 v. Wisconsin Employment Relations Bd.*, 315 U.S. 740, 749, 62 S.Ct. 820, 86 L.Ed. 1154 (1942) (Court agreed that NLRA not designed to preclude a State from enacting legislation limited to the prohibition or regulation of such employee or union activity as mass picketing, obstructing ingress to and egress from the company's factory, and obstructing the streets and public roads surrounding the factory). *Cf. Garner v. Teamsters, Chauffeurs & Helpers Local Union No. 776*, 346 U.S. 485, 488, 74 S.Ct. 161, 98 L.Ed. 228 (1953) (Court found state remedies were excluded, noting "[n]or is this a case of mass picketing, threatening of employees, obstructing streets and highways, or picketing homes").

■ The order in the case before us does not enjoin "all picketing," but only that picketing which creates an obstacle to the free ingress to and egress from the premises. The United States Supreme Court has repeatedly recognized such conduct is not pre-empted by federal regulation under the NLRA. No showing of violence or imminent threat to public order is required. Issue one is overruled

In their second issue, appellants challenge the constitutionality of the mass picketing statute. Because of our disposi-

tion of issue three, we do not reach the constitutional question. *See San Antonio Gen. Drivers, Helpers Local No. 657 v. Thornton,* 156 Tex. 641, 299 S.W.2d 911, 915 (1957).

Appellant's third issue queries:

Did the trial court err in entering an injunction which is improperly vague, which grants relief divergent from that prayed for, and which does not set forth the reasons for its issuance, in violation of Tex.R. Civ. P. 683?

■ We first address Becon's contention that appellants waived any issue concerning failure to comply with Rule 683. Becon relies upon this court's opinion in *Fleming Cos., v. Due,* 715 S.W.2d 855 (Tex.App.-Beaumont 1986, no writ). *Fleming* was decided prior to *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.,* 715 S.W.2d 640, 641 (Tex.1986), wherein the Supreme Court of Texas held the requirements of Rule 683[2] are mandatory and must be strictly followed. The court further held when an order of temporary injunction fails to adhere to these requirements it is subject to being declared void and dissolved. *Id.* "[T]he great weight of authority following *InterFirst* militates against validating the defective order by means of waiver." *Evans v. C. Woods, Inc.,* 34 S.W.3d 581, 583 (Tex.App.-Tyler 1999, no pet.). *See also 360 Degree Communications Co. v. Grundman,* 937 S.W.2d 574, 575 (Tex.App.-Texarkana 1996, no writ); *Fasken v. Darby,* 901

S.W.2d 591, 593 (Tex.App.-El Paso 1995, no writ); *Crenshaw v. Chapman,* 814 S.W.2d 400, 402 (Tex.App.-Waco 1991, no writ); *Bayoud v. Bayoud,* 797 S.W.2d 304, 313 (Tex.App.-Dallas 1990, writ denied); *Hopper v. Safeguard Bus. Sys., Inc.,* 787 S.W.2d 624, 626 (Tex.App.-San Antonio 1990, no writ); *Courtlandt Place Historical Found. v. Doerner,* 768 S.W.2d 924, 926 (Tex.App.-Houston [1st Dist.] 1989, no writ); *Permian Chem. Co. v. State,* 746 S.W.2d 873, 874 (Tex.App.-El Paso 1988, writ dism'd w.o.j.); *Keck v. First City Nat'l Bank of Houston,* 731 S.W.2d 699, 700 (Tex.App.-Houston [14th Dist.] 1987, no writ); *Higginbotham v. Clues,* 730 S.W.2d 129 (Tex.App.-Houston [14th Dist.] 1987, no writ). *But see Emerson v. Fires Out, Inc.,* 735 S.W.2d 492, 494 (Tex.App.-Austin 1987, no writ). In light of *InterFirst,* we find any reliance on our preceding opinion in *Fleming* to be misplaced.

■ We first address appellants' claim the injunction fails to set forth the reasons for its issuance, in violation of Rule 683. A temporary injunction order is invalid if it does not state the reason why injury will be suffered if the interlocutory relief is not ordered. *See Moreno v. Baker Tools, Inc.,* 808 S.W.2d 208, 210 (Tex.App.-Houston [1st Dist.] 1991, no writ). The injunction must be declared void and dissolved if it fails to identify probable interim injury that will be suffered if it does not issue. *See Fasken,* 901 S.W.2d at 593.

**2. RULE 683. FORM AND SCOPE OF INJUNCTION OR RESTRAINING ORDER**

Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought. The appeal of a temporary injunction shall constitute no cause for delay of the trial.

Tex.R. Civ. P. 683.

The reasons given by the trial court for granting a temporary injunction must be specific and legally sufficient, and not mere conclusory statements. *See University Interscholastic League v. Torres,* 616 S.W.2d 355, 358 (Tex.Civ.App.-San Antonio 1981, no writ). "[B]ecause probable injury subsumes the elements of irreparable injury and no adequate remedy at law, a valid injunction must articulate the reasons why the identified probable injury is an irreparable one for which [applicants] have no adequate legal remedy." *Fasken,* 901 S.W.2d at 593. Consequently, the specificity required by Rule 683 is not satisfied by "the mere recital of 'no adequate remedy at law' and 'irreparable harm.'" *Torres,* 616 S.W.2d at 358. In *Stoner v. Thompson,* 553 S.W.2d 150, 151 (Tex.Civ.App.-Houston [1st Dist.] 1977, writ ref'd n.r.e.), the trial court concluded "the situation which presently exists is harmful...." The court of appeals found the trial court's conclusion "is not a reason why injury will be suffered if the interlocutory relief is not ordered. The failure to include in the order a reason why the court deems issuance of the writ proper for preventing injury to the applicant is reversible error." *Id.*

The injunction in this case reads, in pertinent part, "[T]he Court finds that the Defendants have and continue to violate the provisions of Texas Labor Code § 101.152 causing irreparable harm to Becon Construction Company." This does not constitute a reason why injury will be suffered if the interlocutory relief is not ordered. It does not identify the probable interim injury that will be suffered if it does not issue. It does not articulate why the injury (were it identified) is an irreparable one for which Becon has no adequate legal remedy. Consequently, we find the order fails to meet the requirements of Rule 683. Issue three is sustained.

Becon's contention that *Garcia v. Tubbs,* 300 S.W.2d 736 (Tex.Civ.App.-Beaumont 1957, writ ref'd n.r.e.), controls is without merit. *Garcia* preceded *State v. Cook United, Inc.,* 464 S.W.2d 105, 106 (Tex. 1971), wherein the Supreme Court of Texas expressly held "[u]nder Rule 683 the reason for the granting of a temporary injunction must be stated in the order.... [I]t is necessary to give the reasons why injury will be suffered if the interlocutory relief is not ordered."

Therefore, we reverse the temporary injunction entered by the trial court, declare the temporary injunction void, and order that it be dissolved.

DON BURGESS, J., concurs with written opinion.

DAVID B. GAULTNEY, J., dissents with written opinion.

DON BURGESS, Justice, concurring.

I concur in the majority opinion but would dissolve the injunction on the substantive issue that the activity sought to be enjoined did not constitute a violation of TEX. LABOR CODE ANN. § 101.152 (Vernon 1996).

On appeal, we review a trial court's decision to grant or deny a temporary injunction under an abuse of discretion standard. *See Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex.2002). Under that standard, legal and factual sufficiency of the evidence, although not independent grounds for asserting error, are relevant factors in assessing whether the trial court abused its discretion. *See In re Davis,* 30 S.W.3d 609, 614 (Tex.App.-Texarkana 2000, no pet.).

The mass picketing statute prohibits activity which "constitutes any character of obstacle to the free ingress to and egress from an entrance to any premises...."

Tex. Lab.Code Ann. § 101.152(a) (Vernon 1996). In *Sherman v. State*, 626 S.W.2d 520, 527–28 (Tex.Crim.App.1981), the Court of Criminal Appeals reversed a conviction for mass picketing under the statute and ordered the defendant acquitted. The court noted the Legislature prohibited similar conduct under section 42.03 of the Penal Code and consequently determined to "give the term 'obstruction' the same definition in both statutes." *Sherman*, 626 S.W.2d at 526; Tex. Pen.Code Ann. § 42.03 (Vernon 2003). Section 42.03(b) defines "obstruct" as "to render impassable or to render passage unreasonably inconvenient or hazardous." Tex. Pen.Code Ann. § 42.03(b) (Vernon 2003). The *Sherman* court then stated, "[u]nder our view . . ., then, what is prohibited is the rendering impassable or the rendering unreasonably inconvenient or hazardous the free ingress or egress to the struck premises." *Sherman*, 626 S.W.2d at 526. The court went on to observe:

> We believe that this definition comports with the purposes of the Legislature as set forth in the preamble. By requiring that passage be severely restricted or completely blocked before a prosecution under this statute would lie we give ample breathing room for the exercise of First Amendment rights. At the same time, such a definition adequately protects the right of the public to have access to the struck premises.

*Id.* In *Haye v. State*, 634 S.W.2d 313, 315 (Tex.Crim.App.1982), the Court of Criminal Appeals acknowledged that in a case such as this, we are required to balance appellants' First Amendment rights with the right of the public to have access to the struck premises.

The evidence in the record reflects that no obstruction, as defined above, of ingress or egress ever occurred. After viewing the videotapes entered into evidence of the picketing activity, I am convinced that, as a matter of law, the activity does not constitute a violation of section 101.152 of the Labor Code. I am not alone in this view— as the videotapes demonstrate, officers at the scene of the picketing did not arrest anyone for violating the statute. Because I find there is no evidence the picketing constituted an "obstacle," I would hold the trial court abused its discretion in finding a violation of the statute occurred and granting the temporary injunction.

DAVID B. GAULTNEY, Justice, dissenting.

All three justices on this Court agree with the denial of appellants' issue one. The trial court had jurisdiction to grant the temporary injunction. I disagree with the majority opinion on the third issue on both procedural and substantive grounds. I likewise disagree with the concurring opinion's conclusion that there was no violation of Tex. Lab.Code Ann. § 101.152 (Vernon 1996). I would affirm the injunction. But I limit this opinion to an analysis of the issues made the basis of the reversal by the majority.

A movant for a temporary injunction must show, among other elements, a probable right to the relief sought. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). The trial court enjoined the picketers from blocking the entrance to the construction site. In slowly walking across the road entrance to the construction site, the picketers allowed only two or three vehicles to pass per minute. The construction workforce numbered 800 to 1000, so the obstruction of the entry delayed access to the site for hours. Traffic backed up on the county road in front of the construction site a mile and a half. Nails found in some entry locations were of the type designed to point upwards when thrown to the ground. The nails were coated with a

material that prevented them from being pulled up by a magnet and that also made them hard to spot in the gravel. While crossing the road, picketers walked in front of vehicles and then, before a vehicle could pass by, turned and walked back on the same path to continue the obstruction. It is apparent the picketers' purpose was to obstruct the entrance to the construction site, and they succeeded. As a result of their actions, delays occurred on the construction project. The record supports the trial court's granting of the temporary injunction. Based on the evidence before him, the trial judge did not abuse his discretion in finding a probable right to the relief sought and probable, imminent, and irreparable injury.

The majority holds that appellants were not required to present to the trial court their complaint about the specificity of the temporary injunction order; and the majority holds that the order does not comply with the specificity requirements of Tex.R. Civ. P. 683. I disagree on both counts. If appellants thought the order needed to be more specific, they should have raised that complaint with the trial court, and not for the first time on appeal. Appellants' complaint that the language of the order is conclusory, and not particular enough, is a complaint about the form of the order. That type of form-over-substance objection should be made when it can be easily corrected at the trial court level. *See* Tex. R.App. P. 33.1(a). The complaint should be considered waived because it was not made to the trial court.

Even if not waived, the issue should be overruled. I recognize courts have held that the failure to comply with the mandatory requirements of the Rule renders a temporary injunction void. But here the order satisfies Rule 683's requirements by setting forth "the reasons for its issuance." Further, the irreparable harm caused by the unlawful picketing is implicit in the trial court's order, which reads as follows:

### TEMPORARY INJUNCTION ORDER

On the 30th day of April, 2002, the Court granted the Plaintiff's request for a Temporary Restraining Order. The Court ordered a hearing on the temporary injunction on May 10, 2002, which is within 14 days of the signing of the temporary restraining order. After the hearing, and after reviewing Plaintiff's request for a temporary injunction, the accompany [sic] affidavits filed in this matter, the evidence on file, and counsels' respective arguments, the Court finds that the Defendants have and continue to violate the provisions of Texas Labor Code § 101.152 causing irreparable harm to Becon Construction Company.

Therefore, IT IS ORDERED THAT:

1. The District Clerk shall issue a Writ of Injunction directing that the Defendants, and all others acting in concert or participating with the Defendants, individually or collectively, either directly or indirectly, jointly or severally, singularly or in concert, including any and all members of the Defendant organizations (i.e. the International Brotherhood of Electrical Workers and the Sabine Area Construction Trades Council), shall desist and refrain from committing or continuing to engage in any form of picketing activity in which a picket constitutes any character of obstacle to the free ingress to and egress from any entrance to the work site located on County Road 4213 in Newton County, Texas, where Becon Construction Company, Inc. is performing construction work, either by obstructing the free ingress and egress with a person's body or by placing a vehicle or other physical obstruction.

2. For purposes of this Order, "picket" includes a person

(1) stationed by or acting for an organization to:

(A) induce anyone not to enter the premises being picketed; or

(B) observe the premises being picketed to ascertain who enters or patronizes the premises; or

(2) who follows employees or patrons of the premises being picketed to or from those premises to observe them or to attempt to dissuade them from entering or patronizing the premises.

The Court issued this writ of injunction, which is returnable at or before 10:00 a.m. of the Monday next after the expiration of 20 days from the date of service. The trial of this matter is set for October, 2002.

Obstructing construction workers trying to enter a construction site interferes with the construction. The irreparable harm is obvious, and is sufficiently described in the order.

I would affirm the trial court's order. I therefore respectfully dissent.