In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-00542-CV


____________________



TAMINA PROPERTIES, LLC, BULLET CONCRETE MATERIALS, INC.,


CALVIN C. DENTON AND HORACE H. DENTON, JR., Appellants



V.



TEXOGA TECHNOLOGIES CORPORATION, BIOFUELS POWER


CORPORATION, SAFE RENEWABLES CORPORATION, ARMORED


TECHNOLOGIES, INC. AND SAFER ENERGY, LLC, Appellees


 




On Appeal from the 410th District Court


Montgomery County, Texas


Trial Cause No. 08-09-09253-CV






MEMORANDUM OPINION



 Alleging a breach of contract and the commission of various torts, Texoga
Technologies Corporation, Biofuels Power Corporation, Safe Renewables Corporation,
Armored Technologies, Inc. and Safer Energy, LLC filed a petition and application for
temporary restraining order and for injunctive relief against Tamina Properties, LLC, Bullet
Concrete Materials, Inc., Calvin C. Denton and Horace H. Denton, Jr. Alleging a prior
material breach by the plaintiffs, Tamina Properties, LLC and Bullet Concrete Materials, Inc.
filed a counterclaim for a declaratory judgment that all contracts between any of the parties
have been terminated. The trial court signed a temporary injunction and amended its
temporary injunction after the appellants filed their brief. The appellants raise ten issues in
this accelerated appeal from the temporary injunction. See Tex. Civ. Prac. & Rem. Code
Ann. § 51.014(a)(4) (Vernon 2008); Tex. R. App. P. 29.6(a). We hold the temporary
injunction fails to meet the mandatory requirements of Rule 683, Texas Rules of Civil
Procedure. See Tex. R. Civ. P. 683. Accordingly, we need not address the remaining issues
raised in the appellants' brief. See Tex. R. App. P. 47.1. We reverse the trial court's order,
dissolve the temporary injunction, and remand the case to the trial court for further
proceedings.

 Horace H. Denton, Jr. ("Harold") is the president of Bullet Concrete Materials, Inc.
("Bullet"). Bullet leased a particular tract of land to Texoga Technologies Corporation
("Texoga"). That property is occupied by Biofuels Power Corporation ("Biofuels"), a
subsidiary of Texoga. Calvin C. Denton ("Calvin") is the owner of Tamina Properties, LLC
("Tamina"). Tamina leased an adjacent tract of land to Safe Renewables Corporation
("Safe") and another adjacent tract of land to Safer Energy, LLC ("Safer"). Safe and Safer
were at one time subsidiaries of Texoga, but the companies were transferred and defaulted
on the payment of their respective leases. Tamina obtained a judgment of eviction and
Tamina is now in possession of the premises formerly leased by Safe and Safer. Safe's
lender, Aequitas Commercial Finance, LLC ("Aequitas") has been paying monthly an
amount equal to Safe's former rent in order to allow Aequitas to leave certain equipment
claimed by Aequitas on the premises formerly leased by Safe. (1)

 Biofuels's chief executive officer testified that he and Calvin reached an "on-the-spot
little agreement" for Biofuels to pay Tamina $3,000 every month for the use of Tamina's 
premises. A handwritten document signed by Biofuels's chief executive officer states, in
part, that Biofuels would "Enter into a month to month agreement[.]" No written agreement
was executed by the parties but Biofuels paid $3,000 every month until September, when
Tamina rejected payment and ordered Biofuels to remove its personal property from Safe's
former leasehold. On August 18, 2008, Bullet gave Biofuels notice of the termination of the
Bullet/Texoga lease.

 Biofuels's officer testified that Biofuels desires to maintain operability until the
dispute is resolved. Biofuels has million-gallon storage tanks, a boiler, a generator and other
property on the Tamina tracts formerly leased by Safe and Safer. It would take Biofuels a
few months to remove the generator and boiler, and six months to move the large tanks on
Tamina's property. Harold and Calvin were involved in the construction of a building that
spans two of the three tracts of land. Additionally, Biofuels uses the power source on the
Tamina property. On at least one occasion, Calvin turned off the power.

 Issues three through six relate to the mandatory requirements for a temporary
injunction found in the Rules of Civil Procedure. See Tex. R. Civ. P. 683, 684. Rule 684
requires that a bond be set in any case in which a temporary injunction has been granted. See
Tex. R. Civ. P. 684. The technical requirements for the form and scope of a temporary
injunction are found in Rule 683, which provides as follows:

 Every order granting an injunction and every restraining order shall set
forth the reasons for its issuance; shall be specific in terms; shall describe in
reasonable detail and not by reference to the complaint or other document, the
act or acts sought to be restrained; and is binding only upon the parties to the
action, their officers, agents, servants, employees, and attorneys, and upon
those persons in active concert or participation with them who receive actual
notice of the order by personal service or otherwise.

 

 Every order granting a temporary injunction shall include an order
setting the cause for trial on the merits with respect to the ultimate relief
sought. The appeal of a temporary injunction shall constitute no cause for
delay of the trial.


Tex. R. Civ. P. 683.


 The requirements of Rules 683 and 684 are mandatory and must be strictly followed.
See Qwest Commc'ns Corp. v. AT & T Corp., 24 S.W.3d 334, 337 (Tex. 2000). A temporary
injunction order that does not adhere to the requirements of Rules 683 and 684 is subject to
being declared void and dissolved. InterFirst Bank San Felipe v. Paz Constr. Co., 715
S.W.2d 640, 641 (Tex. 1986)(trial setting); Lancaster v. Lancaster, 155 Tex. 528, 291
S.W.2d 303, 308 (1956)(bond).

 The trial court's initial order of temporary injunction neither set the case for trial nor
set a bond. These particular defects were cured in the amended temporary injunction that
was signed by the trial court after the appellants raised these defects in issues six and seven
of their brief on appeal. Because the order currently in force provides for a trial setting and
bond, we overrule issues six and seven.

 Issue three contends the injunctive order is overly broad and indefinite. Appellants
argue the order is too broad because it enjoins them from exercising their legal rights. For
support for this argument, the appellants cite a case that concerned a permanent injunction. 
See Vaughn v. Drennon, 202 S.W.3d 308, 313 (Tex. App.--Tyler 2006, no pet.). The purpose
of a temporary injunction is to maintain the status quo between the parties until a trial on the
merits. Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002). The trial court may
hold the parties at their last, peaceable, non-contested status which preceded the controversy. 
Transp. Co. of Tex. v. Robertson Transps., Inc., 152 Tex. 551, 261 S.W.2d 549, 553-54
(1953). The appellants argue that they have a right to terminate the Biofuels lease and evict
any occupants on the property formerly occupied by Safe, but the evidence adduced at the
hearing does not establish that such an action would maintain the last peaceable, non-contested status between the parties.

 Appellants argue that the temporary injunction is too broad because it includes Harold
and Calvin, neither of whom is a party to any of the leases. A temporary injunction may bind
"the parties to the action, their officers, agents, servants, employees, and attorneys . . . and
. . . those persons in active concert or participation with them. . . ." Tex. R. Civ. P. 683. In
this case, the actions of the corporate defendants were through Harold and Calvin. Because
there is some evidence that the temporary injunction maintains the status quo, and there is
some evidence that Harold Denton and Calvin Denton are acting in participation with Bullet
and Texoga, the trial court did not abuse its discretion by entering the order at issue. We
overrule issue three.

 Issue four complains the order signed by the trial court failed to set forth the reasons
for its issuance. The trial court does not have to explain its reasons for believing the
applicants have shown a probable right to recovery, but it must state the reasons why injury
will be suffered if the relief is not ordered. State v. Cook United, Inc., 464 S.W.2d 105, 106
(Tex. 1971). The order must adequately inform a party of what it is enjoined from doing and
the reason why it is so enjoined. See Byrd Ranch, Inc. v. Interwest Sav. Ass'n, 717 S.W.2d
452, 454 (Tex. App.--Fort Worth 1986, no writ). The reasons stated in the order must be
specific and not mere conclusory statements. Int'l Bhd. of Elec. Workers Local Union 479
v. Becon Constr. Co., Inc., 104 S.W.3d 239, 244 (Tex. App.--Beaumont 2003, no pet.).

 The original injunctive order and the amended order contain identical language
regarding the reason for issuing the order, namely that "the Court finds there is evidence that
harm is imminent to [Texoga and Biofuels], and if the Court does not issue the temporary
injunction, Texoga and Biofuels will be irreparably injured, for which there is no adequate
remedy at law." This language fails to state why injury will be suffered if the relief is not
ordered and thus fails to inform the enjoined persons of the reasons why the order is being
issued. (2) A mere recital of "no adequate remedy" and "irreparable harm" does not satisfy
Rule 683. Id. A temporary injunction that does not set forth any reasons for its issuance is
void. See Poole v. U.S. Money Reserve, Inc., No. 09-08-137-CV, 2008 WL 4735602, *12-13
(Tex. App.--Beaumont Oct. 30, 2008, no pet.)(mem. op.). We sustain issue four.

 We vacate the trial court's order granting a temporary injunction, dissolve the
temporary injunction, and remand the cause to the trial court for further proceedings.

 REVERSED AND REMANDED.


 ____________________________

 STEVE McKEITHEN

 Chief Justice




Submitted on March 30, 2009

Opinion Delivered June 11, 2009

Before McKeithen, C.J., Kreger and Horton, JJ.
1. Aequitas is not a party to this litigation.
2. Thirty days after signing its initial temporary injunction, the trial court issued
findings of fact and conclusions of law, as permitted by the Rules of Appellate Procedure that
applies to accelerated appeals in civil cases. See Tex. R. App. P. 28.1(c). Although findings
and conclusions filed pursuant to Rule 28.1(c) would be appropriate in reviewing a challenge
to the sufficiency of the evidence supporting the temporary injunction, separately filed
findings of fact and conclusions of law do not satisfy the mandatory requirement of Rule 683
that the order "set forth the reasons for its issuance[.]" See Tex. R. Civ. P. 683.