In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00073-CV
_____

**SHERYL JOHNSON-TODD, Appellant**

**V.**

**JOHN S. MORGAN, Appellee**

**On Appeal from the County Court at Law No. 1**
**Jefferson County, Texas**
**Trial Cause No. 126,841**

**MEMORANDUM OPINION**

Sheryl Johnson-Todd asks that we dissolve a temporary injunction which, among other restrictions, prohibits her from filing, publishing, or distributing any documents, court papers, or pleadings from another case in which John S. Morgan was a party. The Texas Civil Practice and Remedies Code authorizes an appellate court to review a party's appeal from a trial court's decision to grant a temporary injunction. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (West 2015).

1

Because the trial court's order does not comply with the requirements of Rule 683 of the Texas Rules of Civil Procedure, a rule that governs the form and scope of injunctions and restraining orders, and because Morgan failed to plead or prove that he will probably prevail on the merits of his claims, we hold the trial court abused its discretion when it granted Morgan's request for temporary injunctive relief.

## Background

This interlocutory appeal arises from Morgan's suit against Johnson-Todd for invasion of privacy and concerns matters that relate to a prior contested case that concerned the conservatorship of the Morgans' children. In the conservatorship case, Johnson-Todd represented Morgan's former spouse. After the family court resolved the disputed issues in the conservatorship case, Morgan sued Johnson-Todd claiming that she published or provided disparaging information about him to one of the judges who presided over the conservatorship proceedings and to an attorney appointed by the court to advise the court regarding the interests of the children. The information that Johnson-Todd disclosed in the course of the conservatorship proceedings, and which is now the subject of Morgan's suit, is information that is subject to an order sealing matters in a case in which Morgan was a defendant.

2

After conducting a temporary injunction hearing, the trial court granted Morgan's request for temporary injunctive relief. The trial court's order restrained, prohibited, and enjoined Johnson-Todd from filing, publishing, or distributing any documents, court papers, or pleadings regarding Morgan's criminal case, which is the subject of a sealing order. The temporary injunctive relief granted Morgan required Johnson-Todd to remove any pleadings or "file materials relating to" the criminal case found in "any court[.]"

Standard of Review

Johnson-Todd's appeal challenges the trial court's decision to grant Morgan's request for temporary injunctive relief. We review a trial court's interlocutory ruling on a party's request for a temporary injunction for an abuse of discretion. *Davis v. Huey*, 571 S.W.2d 859, 861-62 (Tex. 1978). An abuse of discretion occurs when a trial court acts in an unreasonable or arbitrary manner. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). "An abuse of discretion does not exist where the trial court bases its decisions on conflicting evidence." *Davis*, 571 S.W.2d at 862.

A temporary injunction hearing allows the trial court to determine whether the party who is seeking temporary injunctive relief is entitled to "preserve the status quo of the litigation's subject matter pending a trial on the merits." *Butnaru*

*v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). To obtain temporary injunctive relief, the applicant must plead and prove: "(1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim." *Id.*

On appeal, the merits of the underlying case are not presented for appellate review, as a trial court's ruling on a party's request for temporary injunctive relief is a preliminary decision. *See Tom James of Dallas*, *Inc*. *v. Cobb*, 109 S.W.3d 877, 882-83 (Tex. App.—Dallas 2003, no pet.). Because the trial court is making a preliminary decision in a case without the benefit of the process of a trial, Rule 683 of the Texas Rules of Civil Procedure requires that the order granting a temporary injunction "shall set forth the reasons for its issuance; [and] shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained[.]" Tex. R. Civ. P. 683.

Analysis

In three issues, Johnson-Todd argues that the trial court's order should be dissolved. According to Johnson-Todd, the trial court's order fails to comply with the requirements of Rule 683, the relief the trial court granted in the order constitutes a prior restraint and violates her right to due process, and Morgan failed to demonstrate during the hearing on the motion that he has a probable right to the

4

requested relief. In the first of the issues that she raises in her appeal, Johnson-Todd complains that the temporary injunction order does not comply with several of the requirements of Rule 683 of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 683 (Form and Scope of Injunction or Restraining Order).

Under Rule 683, an injunction order must set forth the reasons the order is being issued, the order must be specific with respect to the terms of the relief being granted, and the order must, in reasonable detail, describe the acts the order intends to restrain. *Id.* To comply with Rule 683's requirements, an injunction order must do more than merely recite that the plaintiff has no adequate remedy and will suffer irreparable harm absent the trial court's issuing an injunction. *See Int'l Bhd. of Elec. Workers Local Union 479 v. Becon Constr. Co., Inc.*, 104 S.W.3d 239, 244 (Tex. App.—Beaumont 2003, no pet.). If the temporary injunction order fails to identify the probable injury that will be suffered if the temporary injunction does not issue, the order is void and must be dissolved. *Id*. at 243 (citing *Fasken v. Darby*, 901 S.W.2d 591, 593 (Tex. App.—El Paso 1995, no writ)).

Here, the temporary injunction order does not recite that Morgan has no adequate remedy or that he will suffer irreparable harm; instead, the injunction states in a conclusory manner that "[a]fter considering the evidence and the

5

arguments of counsel, [the trial court] now enters this Temporary Injunction Order[.]"

We conclude that the order fails to comply with the requirements of Rule 683. Additionally, the order does not contain the trial court's explanation of the reasons it issued the order. Therefore, because the order does not state that Morgan has no adequate remedy nor does it identify the probable injury he will suffer in the absence of the trial court's granting his request, we need not address Johnson-Todd's other arguments that address other requirements of Rule 683. *See* Tex. R. App. P. 47.1.

In Johnson-Todd's third issue, she argues that Morgan has not shown he has a probable right to recover on his claims. Specifically, Johnson-Todd asserts that the information that serves as the basis of Morgan's complaint that she violated the order of nondisclosure in Morgan's criminal case is information that she provided in the course of a judicial proceeding; she concludes that such information is protected by the absolute judicial communications privilege. We agree that Morgan failed to show that he will probably prevail against her on his claims in light of the privilege that she relies on in defending against Morgan's claims.

In *James v. Brown*, 637 S.W.2d 914, 916 (Tex. 1982), the Texas Supreme Court stated that "[c]ommunications in the due course of a judicial proceeding will

6

not serve as the basis of a civil action for libel or slander, regardless of the negligence or malice with which they are made." The Court indicated that the privilege "extends to any statement made by the judge, jurors, counsel, parties or witnesses, and attaches to all aspects of the proceedings, including statements made in open court, pre-trial hearings, depositions, affidavits and any of the pleadings or other papers in the case." *Id.* at 916-17.

The privilege that protects the parties and their lawyers from being sued for statements made in judicial proceedings is broadly interpreted, and it includes all "communications that bear some relationship to pending or proposed litigation and further the representation." *Fitzmaurice v. Jones*, 417 S.W.3d 627, 633 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *see also Bell v. Lee*, 49 S.W.3d 8, 11 (Tex. App.—San Antonio 2001, no pet.) (holding that privilege attaches if statement has some relationship to contemplated proceeding regardless of whether it actually furthers representation). "Whether an alleged defamatory communication is related to a proposed or existing judicial proceeding is a question of law." *Daystar Residential, Inc. v. Collmer*, 176 S.W.3d 24, 28 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

To determine whether a communication is related to a judicial proceeding, "'the court must consider the entire communication in its context, and must extend

the privilege to any statement that bears some relation to an existing or proposed judicial proceeding.'" *Id.* (quoting *Russell v. Clark*, 620 S.W.2d 865, 870 (Tex. Civ. App.—Dallas 1981, writ ref'd n.r.e.)). In this case, Morgan alleged that Johnson-Todd provided sealed information about Morgan during conservatorship proceedings that involved Morgan and his former spouse. Johnson-Todd represented Morgan's former spouse in connection with the conservatorship proceeding. The record before us supports Johnson-Todd's argument that the information forming the basis of Morgan's complaint in the invasion of privacy case is information that bears some relationship to the conservatorship proceedings that involved Morgan and his former spouse.

On this record, we conclude that Morgan failed to demonstrate that the information forming the basis of his complaint in the invasion of privacy case is information that is not subject to the judicial communications privilege. *See James*, 637 S.W.2d at 916-17. We conclude that Morgan did not prove that he would probably recover on his claim[1] against Johnson-Todd. In light of our resolution of Johnson-Todd's issues in this appeal, we need not reach Johnson-Todd's remaining

---

[1]The application of the judicial privilege in a defamation action extends to all other torts pled by the plaintiff. *See Wilkinson v. USAA Fed. Sav. Bank Trust Servs.*, No. 14-13-00111-CV, 2014 Tex. App. LEXIS 7091, at **21-22 & n.10 (Tex. App.—Houston [14th Dist.] July 1, 2014, pet. denied).

arguments. *See* Tex. R. App. P. 47.1. Because the temporary injunction order is void, we order it dissolved.

ORDER REVERSED AND DISSOLVED.

_____
HOLLIS HORTON
Justice

Submitted on May 11, 2015
Opinion Delivered May 14, 2015

Before McKeithen, C.J., Kreger and Horton, JJ.