In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00245-CV**
_____

**ROCKLON, L.L.C., Appellant**

**V.**

**BEVERLY PARIS, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF KRISTIN PARIS, AND DANIEL PARIS, Appellees**

**On Appeal from the 60th District Court**
**Jefferson County, Texas**
**Trial Cause No. B-196,826**

**MEMORANDUM OPINION**

Beverly Paris, individually and as the personal representative of the Estate of Kristin Paris and Daniel Paris ("Paris"), filed a wrongful death and survival action against Rocklon, L.L.C. ("Rocklon").[1] Paris subsequently obtained a temporary injunction against Rocklon. In three appellate issues, Rocklon contends that the

_____

[1]The record indicates that Beverly Paris is Kristin Paris's mother and Daniel Paris is Kristin's father. Paris sued other defendants who are not parties to this appeal.

trial court abused its discretion by granting the temporary injunction because the injunction: (1) is not supported by competent evidence; (2) is not the proper remedy for "freezing assets unrelated to the subject matter of the suit[;]" and (3) fails to comply with the Texas Rules of Civil Procedure. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (West 2015) (allowing interlocutory appeal from order granting a temporary injunction). We reverse the trial court's temporary injunction order and remand for further proceedings consistent with this opinion.

## Background

In her petition, Paris alleged that Kristin was killed by an intoxicated driver, Rocklon Kennedy ("Kennedy"). According to Paris, Rocklon owns the property on which a club is located and Kennedy, Rocklon's sole member, left the club intoxicated, drove the wrong way on the highway, and struck Kristin's vehicle. The record indicates that Rocklon's property was subsequently sold.

Paris obtained a temporary restraining order to prevent Rocklon from disposing of the proceeds from the sale of the property. The trial court later granted a temporary injunction, which states:

> [Rocklon is enjoined from] distributing, disbursing, or removing any of the funds in any Rocklon, LLC banking account, including, but not limited to, the Morgan Stanley banking account . . . . [N]othing in this order shall prohibit Rocklon, LLC from using such funds to pay attorneys' fees and/or litigation expenses incurred in the defense of this lawsuit. Moreover, nothing in this order shall be

2

construed to prohibit Rocklon, LLC from using such funds to pay ordinary business expenses and/or operating expenses in the amount of $5000 or less.

If Rocklon, LLC has business or operating expenses that require payment of more than $5000, then counsel for Rocklon, LLC shall give 7 days' notice (via e-mail or facsimile) to Plaintiffs' counsel so Plaintiffs' counsel shall have sufficient time to determine whether the proposed expenditure is a legitimate business expense or whether the proposed expenditure is an attempt to hinder, delay, or defraud Plaintiff and/or ensure that Rocklon, LLC will not have sufficient funds to satisfy the claim asserted by Plaintiffs. If Plaintiffs' counsel believes the proposed expenditure is not for a legitimate business purpose, then Plaintiffs' counsel shall have sufficient time to bring the matter to the Court's attention to seek relief consistent with this Order.

To the extent Rocklon, LLC and/or any of its officers, members, managers, agents, servants, employees, attorneys, [or] representatives have received funds from the sale of Rocklon, LLC land and/or real property in the past 60 days, those funds shall be redeposited in Rocklon, LLC's banking account. (footnote omitted).

Temporary Injunction

In issue three, Rocklon contends that the temporary injunction is void because it fails to identify the reasons for issuance, the date of trial on the merits, and a bond amount. An order granting a temporary injunction must set forth the reasons for issuance and "an order setting the cause for trial on the merits with respect to the ultimate relief sought." Tex. R. Civ. P. 683. The trial court must also "fix the amount of security to be given by the applicant." Tex. R. Civ. P. 684. These requirements are mandatory and must be strictly followed. *Qwest Commc'ns*

3

*Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000). If a temporary injunction order fails to comply with these requirements, the order is subject to being declared void and dissolved. *Id.*

In this case, the trial court's temporary injunction order neither contains a date setting the case for trial on the merits nor fixes the amount of the required bond. *See* Tex. R. Civ. P. 683, 684. He also fails to set forth the reasons explaining issuance of the injunction. *See* Tex. R. Civ. P. 683. To be valid, the injunction order was required to articulate the reasons why the identified probable injury was an irreparable one for which Paris has no adequate legal remedy. *See Int'l Bhd. of Elec. Workers 479 v. Becon Constr. Co.*, 104 S.W.3d 239, 244 (Tex. App.—Beaumont 2003, no pet.); *see also Moreno v. Baker Tools, Inc.*, 808 S.W.2d 208, 211 (Tex. App.—Houston [1st Dist.] 1991, no pet.) ("Pleadings and testimony do not satisfy the requirement that the temporary injunction order must state the reasons for its issuance.").

Because the injunction order fails to comply with the requirements set forth by Rules 683 and 684, the order is void.[2] *See Qwest*, 24 S.W.3d at 337; *see also*

---

[2]If an injunction is void for failure to comply with the Texas Rules of Civil Procedure, the error is not waived when the parties agree to the form of the order, as did Rocklon in this case. *See Indep. Capital Mgmt., L.L.C. v. Collins*, 261 S.W.3d 792, 795 n.1 (Tex. App.—Dallas 2008, no pet.); *see also Int'l Bhd. of Elec.*

*Beeler v. Hanchey*, No. 09-14-00038-CV, 2014 Tex. App. LEXIS 6436, at \*\*8-10 (Tex. App.—Beaumont June 12, 2014, no pet.) (mem. op.); *Chen v. Chen*, No. 09-10-00440-CV, 2011 Tex. App. LEXIS 994, at \*\*3-6 (Tex. App.—Beaumont Feb. 10, 2011, no pet.) (mem. op.). Paris asks this Court to modify the injunction in place of dissolution. However, an injunction that fails to comply with procedural rules is void, not merely voidable, and is subject to dissolution. *See Qwest*, 24 S.W.3d at 337. We sustain issue three and need not address Rocklon's remaining issues. *See* Tex. R. App. P. 47.1. We reverse the trial court's injunction order and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on September 9, 2015
Opinion Delivered October 29, 2015

Before McKeithen, C.J., Kreger and Johnson, JJ.

---

*Workers Local Union 479 v. Becon Constr. Co.*, 104 S.W.3d 239, 243 (Tex. App.—Beaumont 2003, no pet.).