ACCEPTED
03-15-00085-CV
4511551
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/16/2015 1:38:15 PM
JEFFREY D. KYLE
CLERK

CAUSE NO. 03-15-00085-CV

# In the Third Court of Appeals
# Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/16/2015 1:38:15 PM
JEFFREY D. KYLE
Clerk

MICHAEL J. DELITTA & DELCOM PROPERTIES, LLC
*Appellants*

v.

NANCY SCHAEFER
*Appellee*

Appeal from the 201st Judicial District Court
Travis County, Texas; Cause No. D-1-GN-13-003516

## APPELLANTS' BRIEF
## (Oral Argument Requested)

**DRUCKER | HOPKINS LLP**
Douglas R. Drucker
Texas Bar No. 06136100
Kirby D. Hopkins
Texas Bar No. 24034488
21 Waterway Avenue, Suite 300
The Woodlands, Texas 77380
281.362.2863 (phone)
855.558.1745 (fax)
drucker@druckerhopkins.com (email)
hopkins@druckerhopkins.com (email)

ATTORNEYS FOR APPELLANTS
MICHAEL J. DELITTA AND
DELCOM PROPERTIES, LLC

# Identity of Parties and Counsel

Pursuant to Texas Rule of Appellate Procedure 38.1, Appellants submit the following designation of parties and counsel, and trial court:

**APPELLANTS:**      Michael J. DeLitta
DelCom Properties, LLC
(Defendants in Underlying Suit)

**APPELLANTS' COUNSEL:**      Douglas R. Drucker
Kirby D. Hopkins
Drucker | Hopkins LLP
21 Waterway Avenue, Suite 300
The Woodlands, Texas 77380

**APPELLEE:**      Nancy Schaefer
(Plaintiff in Underlying Suit)

**APPELLEE'S COUNSEL:**      Lisa Bowlin Hobbs
Kurt Kuhn
Kuhn Hobbs PLLC
3307 Northland Drive, Suite 310
Austin, Texas 78731

Howard F. (Sam) Carter
The Carter Law Firm
14185 Dallas Parkway
Suite 1275
Dallas, Texas 75254

Donald Taylor
Taylor Dunham and Rodriguez, LLP
301 Congress Avenue
Suite 1050
Austin, Texas 78701

**ADDITIONAL PARTIES:**   Jeff Compton
(Provisional Member and Limited-Receiver of Certain Defendants)
Axiom Medical Consulting, LLC,
Axiom Professionals, LLC, and
Axiom Properties, LLC

**ADDITIONAL PARTIES'**
 **COUNSEL:**   *For Provisional Member Jeff Compton and Axiom entities:*

Eric J. Taube
Hohmann, Taube & Summers, LLP
100 Congress Avenue
18th Floor
Austin, Texas 78701

**TRIAL COURT:**   Honorable Amy Clark Meachum
201st Judicial District Court
Travis County, Texas

# Table of Contents

Identity of Parties and Counsel ..................................................................................1

Table of Contents ........................................................................................................3

Table of Authorities ....................................................................................................4

Statement of the Case..................................................................................................6

Statement regarding Oral Argument...........................................................................7

Issues Presented ..........................................................................................................8

   First Issue: Did the Trial Court Err in Refusing to Declare the October 29, 2013 Temporary Injunction Void? ....................................................................................8

   Second Issue: Did the Trial Court Err in Refusing to Dissolve the October 29, 2013 Temporary Injunction?..............................................................................................8

Statement of Facts.......................................................................................................9

Summary of the Argument........................................................................................11

Argument...................................................................................................................12

   **The trial court erred in denying Appellants' motion to dissolve and to declare void the temporary injunction.** ...........................................................12

   *1.   The temporary injunction is void for two reasons. ....................................12*

   *2.   And it is irrelevant whether the temporary injunction was "agreed" to....15*

Conclusion ................................................................................................................15

Prayer ........................................................................................................................16

Certificate of Compliance .........................................................................................17

Certificate of Service ................................................................................................18

Appendix ...................................................................................................................19

# Table of Authorities

## Cases

Page(s)

*Bankler v. Vale,*
75 S.W.3d 29 (Tex. App.—San Antonio 2001, no pet.)…………………...............12

*Conlin v. Haun,*
419 S.W.3d 682 (Tex. App. Houston [1st Dist.] 2013, no pet.)................................15

*Emex Holdings LLC v. Naim,*
2010 WL 2163139 (Tex. App.—Corpus Christi 2010, no pet.)...………………….14

*EOG Res., Inc. v. Gutierrez,*
75 S.W.3d 50 (Tex. App.—San Antonio 2002, no pet.)……….…………………..14

*Fasken v. Darby,*
901 S.W.2d 591 (Tex. App.—El Paso 1995, no writ)……………….…………….13

*Gray Wireline Service, Inc. v. Cavanna,*
374 S.W.3d 464, 472 (Tex. App.--Waco 2011, no pet.)...........................................16

*Indep. Capital Mgmt., LLC v. Collins,*
261 S.W.3d 792, 795 (Tex. App.—Dallas 2008, no pet.) ……………….…………14

*InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.,*
715 S.W.2d 640 (Tex. 1986) (per curiam)…………….……………………………13, 15

*Internat'l Broth. of Elec. Workers Local Un. 479 v. Becon Constr. Co., Inc.,*
104 S.W.3d 239 (Tex. App.—Beaumont 2003, no pet.)..…………..……….12, 13

*Kotz v. Imperial Capital Bank,*
319 S.W.3d 54 (Tex. App.—San Antonio 2010, no pet.)………………...............13

*Poole v. U.S. Money Reserve, Inc.,*
No. 09-08-137CV, 2008 WL 4735602, *9-13
(Tex. App.—Beaumont, Oct. 30, 2008, no pet.) (memo. op.)……………………..15

*Qwest Comms. Corp. v. AT&T Corp.,*
24 S.W.3d 334 (Tex. 2000) (per curiam)……………..…………………………...13

*State v. Cook United, Inc.,*
464 S.W.2d 105 (Tex. 1971)…..……………………….……………………..12

*Stoner v. Thompson,*
553 S.W.2d 150 (Tex. Civ. App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.)
…………………………………………………….……………………………13

## Rules

Texas Rule of Civil Procedure 683……..…………………………………..*Passim*

## Statement of the Case

This suit is, essentially, a dispute over the ownership and control of defendants' Axiom Medical Consulting, LLC, Axiom Properties, LLC, and Axiom Professionals LLC.

On October 29, 2013, the parties agreed to a temporary injunction, which the trial court entered.  [Appendix, Exhibit A]

On October 22, 2014, Appellants filed a motion to dissolve and to declare void that temporary injunction.  [Appendix, Exhibit B.]

On January 16, 2015, the trial court entered an order denying the Appellants' motion.  [Appendix, Exhibit C.]

On February 5, Appellants timely appealed the trial court's January 16, 2015 order.

## Statement regarding Oral Argument

Appellants believe that oral argument <u>should</u> be permitted, given the relative complexity of the case, related proceedings, and issues presented.

Specifically, the Court's decision process would be aided by oral argument by (among other things):

- providing further factual or procedural background not adequately addressed in the briefing;

- responding to concerns over the proper use and application of certain legal principles; and

- answering prudential questions concerning the future impact of the Court's ruling.

## Issues Presented

First Issue: Did the Trial Court Err in Refusing to Declare the October 29, 2013 Temporary Injunction Void?

Second Issue: Did the Trial Court Err in Refusing to Dissolve the October 29, 2013 Temporary Injunction?

## Statement of Facts

*2013:*

On October 29, 2013, Plaintiff and the Defendants agreed to a temporary injunction order (the "temporary injunction") that the trial court signed. [Appendix, Exhibit A.]

On its face, the temporary injunction gave *no* reason for its issuance and set a trial date of April 7, 2014. *Id.* The temporary injunction order failed to identify any other possible date for its expiration, or provide any way for its terms to be renewed. *Id.*

*2014:*

On October 22, 2014, Appellants filed a motion to declare void and to dissolve the temporary injunction. [Appendix, Exhibit B.]

(In 2014, Appellants had two cases in this Court. First, this Court addressed whether it should provide *mandamus* relief for a trial court's refusal to declare a temporary injunction void[1] (not an issue here, as Appellants are not seeking mandamus relief). Second, this Court addressed whether it had jurisdiction to declare a temporary injunction void absent a

_____

[1] *See In re DeLitta et al.*, Cause No. 03-14-00423-CV, 2014 WL 3414187 (Tex. App.-Austin July 11, 2014, orig. proceeding) (mem. op.).

relevant *motion*, instead of a responsive pleading[2] (not an issue here, as Appellants filed a motion).)

***2015:***

On January 16, 2015, the trial court denied the motion by order. [Appendix, Exhibit C.]

Appellants timely filed their accelerated notice of appeal.

---

[2] *See DeLitta v. Schaefer*, Cause No. 03-14-00426-CV (Tex. App.—Austin). Defendants' motion for rehearing and for *en banc* reconsideration in that case is still pending.

## Summary of the Argument

Again and again, the Texas Supreme Court has emphasized that the requirements of Rule 683 are "mandatory." That court has, accordingly, repeatedly held that injunctions not meeting those requirements are "void."

Moreover, neither the Texas Rules of Civil Procedure nor the Texas Supreme Court have made any exceptions for "agreed" temporary injunctions. Indeed, other appellate courts have concluded—following the high court's clear language—that even "agreed" temporary injunctions must meet these requirements, or be declared void.

As such, the temporary injunction here—which does *not* meet the requirements of Rule 683, for two independent reasons—is void. The trial court therefore erred in denying Appellants' motion to declare the temporary injunction void and to dissolve it.

## Argument

## The trial court erred in denying Appellants' motion to dissolve and to declare void the temporary injunction.

*1. The temporary injunction is and was void for two reasons.*

*First*, the temporary injunction fails to provide legally-sufficient reasons for its issuance.

"Every order granting an injunction and every restraining order **shall set forth the reasons** *for its issuance*." TEX. R. CIV. P. 683 (emphasis added). In other words, while the trial court need not give its reasons for believing the applicant, "it is **necessary** *to give the reasons why the injury will be suffered* if the interlocutory relief is not ordered." *State v. Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex. 1971 (emphasis added). Giving the reasons why the injury will be suffered includes "*defining the injury* and describing *why it is irreparable*." *Bankler v. Vale*, 75 S.W.3d 29, 33 (Tex. App.—San Antonio 2001, no pet.) (emphasis added).

Moreover, the reasons provided by the trial court in the order of injunction "**must be specific** and **legally sufficient**, and *not* mere conclusory statements." *See Internat'l Broth. of Elec. Workers Local Un.*

*479 v. Becon Constr. Co., Inc.*, 104 S.W.3d 239, 244 (Tex. App.—Beaumont 2003, no pet.) (emphasis added).[3]

An injunction that fails to follow this requirement of Rule 683 is void and not valid. *See Qwest Comms. Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam) (noting that the procedural requirements of Rule 683 "are **mandatory**, and an order granting a temporary injunction that does not meet them is subject to being declared void and dissolved.") (emphasis added); *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (per curiam) (declaring temporary injunction void where it failed to satisfy requirements of Rule 683, as "[t]he requirements of Rule 683 are **mandatory and must be strictly followed.**") (emphasis added); *see also Fasken v. Darby,* 901 S.W.2d 591, 593 (Tex. App.—El Paso 1995, no writ) (vacating order and dissolving temporary injunction for failing to comply with Rule 683).

Here, the temporary injunction gives *no* reason—much less a legally sufficient one—for its issuance. *See* Appendix, Exhibit A. It is therefore void.

---

[3] *See also, e.g., Stoner v. Thompson*, 553 S.W.2d 150, 151 (Tex. Civ. App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.) ("The conclusion that the situation is harmful is not a reason why injury will be suffered if the interlocutory relief is not ordered."); *Kotz v. Imperial Capital Bank*, 319 S.W.3d 54, 57 (Tex. App.—San Antonio 2010, no pet.) ("At most, [] language [that Kotz will "suffer irreparable injury" to certain assets] characterizes by what means harm will occur unless Kotz is enjoined from taking possession and use of the subject property—but does not state or explain the reasons why irreparable injury will result absent an injunction.").

13

And a "trial court abuses its discretion by issuing a temporary injunction order that does not comply with the requirements of rule 683." *Indep. Capital Mgmt., LLC v. Collins*, 261 S.W.3d 792, 795 (Tex. App.—Dallas 2008, no pet.).

*Second,* the temporary injunction expired, and no longer carries an effective trial date.

A temporary injunction must include an order setting the case for a trial on the merits. Tex. R. Civ. P. 683. This rule works "to protect the parties from being subject to a temporary injunction made permanent by a court's failure to set the matter for a final determination on the merits." *See EOG Res., Inc. v. Gutierrez*, 75 S.W.3d 50, 53 (Tex. App.—San Antonio 2002, no pet.); *see also Emex Holdings LLC v. Naim*, No. 13-09-591-CV, 2010 WL 2163139, *1-2 (Tex. App.—Corpus Christi 2010, no pet.). Right now, the appellants are subject to what amounts to a permanent injunction, even though they only agreed to terms through April 7, 2014 (e.g., paying appellee's salary).

Rule 683 places the onus on the party requesting the injunctive relief to renew the injunction if the trial is delayed beyond the trial date set in the order. *See Emex Holdings LLC*, 2010 WL 2163139 at *2.

When a temporary injunction fails to comply with Rule 683's procedural requirements, it is void. *See, e.g., InterFirst*, 715 S.W.2d at 641.

Here, the temporary injunction, by its own terms, was set to expire on April 7, 2014—the initial trial date. *See* Appendix, <u>Exhibit A</u>. No party ever moved to extend the temporary injunction, and the temporary injunction provides no method or mechanism for extending its terms beyond that time. In short, the temporary injunction expired then—and is now therefore void.

*2. And it is irrelevant whether the temporary injunction was "agreed" to.*

Neither Rule 683 nor the Texas Supreme Court has ever made any exception to these principles for "agreed" temporary injunctions.

Moreover, other appellate courts have correctly followed these principles in concluding that Rule 683's mandatory requirements *are*, in fact, *mandatory*—and cannot be waived. *See, e.g., Conlin v. Haun*, 419 S.W.3d. 682, 686-87 (Tex. App. Houston [1st Dist.] 2013, no pet.) (where **parties agreed** to temporary injunction—and then sought appellate review more than four years later—rejecting estoppel argument and declaring injunction void for failing to comply with Rule 683); *Poole v. U.S. Money Reserve, Inc.*, No. 09-08-137CV, 2008 WL 4735602, *9-13 (Tex. App.—Beaumont, Oct. 30, 2008, no pet.) (memo. op.).

In sum, a "void order has *no* force or effect and confers *no* rights; it is a *mere nullity.*" *Gray Wireline Service, Inc.,* 374 S.W.3d at 472 (emphasis added) (reversing trial court, dissolving temporary injunction, and holding void-ness cannot be waived).

## Conclusion

The trial court erred in refusing to declare the temporary injunction void and in refusing to dissolve it. The temporary injunction does comply with Rule 683's requirement--in that the temporary injunction never included required reasons and currently has no effective trial date (as the specified—April 7, 2014—date has passed). And the Texas Supreme Court has made clear that such a temporary injunction is void. Moreover, no exception exists for "agreed" injunctions.

No harm will occur as a result of reversal by the appellate court here, as there is a court-appointed Receiver in place and appellee can re-apply for a temporary injunction that complies with Rule 683.

## Prayer

Appellants DelCom Properties, LLC and Michael J. DeLitta respectfully requests that this Court:

(a) Reverse the trial court's January 16, 2015 order denying Appellants' motion to dissolve and to declare void the October 29, 2013 temporary injunction; and

(b) reverse, vacate, dissolve, and declare void the trial court's October 29, 2013 temporary injunction; and

(c) grant them all other and further relief to which they may be entitled.

Respectfully submitted,

**DRUCKER | HOPKINS LLP**

*/s/ Douglas R. Drucker*
Douglas R. Drucker
Texas Bar No. 06136100
Kirby D. Hopkins
Texas Bar No. 24034488
21 Waterway Avenue, Suite 300
The Woodlands, Texas 77380
281.362.2863 (phone)
855.558.1745 (fax)
drucker@druckerhopkins.com (email)
hopkins@druckerhopkins.com (email)

ATTORNEYS FOR DEFENDANTS/APPELLANTS
MICHAEL J. DELITTA &
DELCOM PROPERTIES, LLC

## Certificate of Compliance

Pursuant to Texas Rule of Appellate Procedure 9.4, the undersigned certifies that the number of words in this computer-generated document (according to the Word program's word count function)—excluding the captions, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, signature, proof of service, certification, certificate of compliance, and appendix—is 1,454 (text) and 133 (footnotes), for a total of 1,597.

Date: March 16, 2015                    */s/ Kirby Hopkins*
                                        Kirby Hopkins

# Certificate of Service

Per Texas Rules of Appellate Procedure 6 and 9.5, I certify that I have served this document on all other parties on March 16, 2015 as follows:

Howard F. Carter        *via Electronic-filing*
The Carter Law Firm
14185 Dallas Parkway, Suite 1275
Dallas, Texas 75254
COUNSEL FOR PLAINTIFF NANCY SHAEFER

Donald Taylor         *via Electronic-filing*
Taylor Dunham & Rodriguez, LLP
301 Congress Avenue, Suite 1050
Austin, Texas 78701
COUNSEL FOR PLAINTIFF NANCY SHAEFER

Lisa Bowlin Hobbs       *via Electronic-filing*
Kurt Kuhn
Kuhn Hobbs PLLC
3307 Northland Drive, Suite 310
Austin, Texas 78731
COUNSEL FOR PLAINTIFF NANCY SHAEFER

Eric J. Taube         *via Electronic-filing*
Hohmann, Taube & Summers LLP
100 Congress Avenue
18th Floor
Austin, Texas 78701
COUNSEL FOR PROVISIONAL MEMBER JEFF COMPTON OF CERTAIN DEFENDANTS, AND OF CERTAIN DEFENDANTS

Date: March 16, 2015    */s/ Kirby Hopkins*
           Kirby Hopkins

# Appendix

The following constitutes the Appendix as required by Texas Rules of

Appellate Procedure 38.1(k):

| A | Agreed Temporary Injunction of October 29, 2013 |
|---|---|
| B | Motion to Dissolve and Declare Void Temporary Injunction of October 22, 2014 |
| C | January 16, 2015 Trial Court Order Denying Appellants' Motion |

**A**

DC       BK13303 PG35

Filed In The District Court
of Travis County, Texas

LM OCT 29 2013

At_____12:09_____M.

Amalia Rodriguez-Mendoza, Clerk

**CAUSE NO. GN-13-003516**

| | | |
|---|---|---|
| **NANCY SCHAEFER,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| **vs.** | § | |
| **MICHAEL J. DELITTA,** | § | **TRAVIS COUNTY, TEXAS** |
| **AXIOM MEDICAL CONSULTING,** | § | |
| **LLC, AXIOM PROFESSIONALS,** | § | |
| **LLC, AXIOM PROPERTIES, LLC,** | § | |
| **and DELCOM PROPERTIES, LLC,** | § | |
| **Defendants.** | § | **201ˢᵗ JUDICIAL DISTRICT** |

## TEMPORARY INJUNCTION

**NANCY SCHAEFER,** ("Plaintiff") has filed a Verified Application for Temporary Restraining Order and Temporary and Permanent Injunction, and, in connection therewith, has presented to the Court a request for a Temporary Injunction, as set forth in Plaintiff's Original Petition. The Parties, and their officers, agents, servants, employees, representatives, affiliates, subsidiaries, assigns, attorneys and all those in active participation with them, who receive notice of this Temporary Injunction, shall be enjoined from either directly or indirectly from:



TEMPORARY INJUNCTION - PAGE 1



a.      From interfering with or denying each other with access to the real property owned by Axiom located at 25511 Budde Road, Suite 801, The Woodlands, Texas 77380;

b.      From interfering with or denying each other with access to the real property leased or to be leased by Axiom at 4840 N. Panther Creek Drive, The Woodlands, Texas 77381, subject to the lease between DeLCom and Axiom;

c.      From denying each other with access to communicate with any of the employees, officers, agents or representatives of Axiom;

d.      From denying each other with access to any of the books and records of Axiom, as a member, which include but is not limited to all bank accounts, bank statements, insurance policies, insurance records, cell phone records, emails, faxes, accounting records, records maintained on Quickbooks, employee files, payroll records, lease payments, bank payments, payments made in connection to the Panther Creek Property and payments made for improvements to the Panther Creek Property;

e.      From interfering with or denying each other with access to any computer owned or leased by Axiom;

f.      From interfering with or denying each other with access to any employee benefit program of which that Party is a beneficiary;

g.      From interfering with each other's communication with or instructions to any employee of Axiom;

h.      From pledging, disposing, hiding, wasting, secreting, dissipating, transferring, assigning, encumbering, or in any way transferring any interest in the real property and personal property (including cash) owned or held by Axiom;

i.      From interfering with or denying each other with access to communicate with any of the employees of EEPB, P.C. located at 1333 West Loop South, Suite 1400, Houston, Texas 77027, including, but not limited to, J. Michael Wagner, CPA;

j.      From interfering with or denying each other with access to communicate with any of the employees or officers of any bank of financial institution with which the

Axiom Companies do business, including, without limitation, Wells Fargo Bank, located at Wells Fargo Business Banking, 21 Waterway, 6th Floor, The Woodlands, Texas 77380, including, but not limited to, Paul Gianelli;

k.      From paying any form of compensation to Defendant DeLitta, that is not also paid simultaneously to Plaintiff, including, but not limited to, salary, distributions, withdrawals, bonuses and/or perquisites;

l.      From interfering with each other's instructions for the payment of customary business expenses for Axiom;

m.      From interfering with or closing Plaintiff's American Express credit card maintained in the name of Axiom;

n.      ~~From interfering with or closing Plaintiff's Master Card credit card with Wells Fargo maintained in the name of Axio~~m;

o.      From interfering with each other's access to Axiom's email accounts;

p.      From interfering with each other's instructions to Axiom's payable department to pay for that Party's company car;

q.      From interfering with each other's instructions to Axiom's payable department to pay for that Party's life insurance plan at The Hartford;

r.      From interfering with each other's instructions to Axiom's payable department to pay for that Party's supplemental insurance plan at Aflac;

s.      From interfering with each other's instructions to Axiom's payable department to pay for that Party's licensing fees, continuing education fees and organizational dues;

t.      From interfering with each other's instructions to Axiom's payable department to pay for that Party's corporate credit card at American Express ~~and Wells Fargo MasterCard~~ and or that Party's cell phone bill;

u.

v.      From using Axiom's funds for the payment of any retainers, fees or expenses for

any valuation expert retained by any Defendant;

w.     From interfering with each other's ability to retain accounting and valuation experts to review the books and records of Axiom and from interfering with each other's ability to allow those experts access the original books. Records and financial data of Axiom; and

x.     From deleting, erasing or altering any data, including any emails on any corporate computer of Axiom and as may be on any personal computer of any Party; and

y.     ~~From interfering with Plaintiff reinstating herself as a Vice President of Axiom Medical, Axiom Professionals and Axiom Properties and from interfering with Plaintiff notifying all employees of Axiom that she has been reinstated as Vice-President of Axiom such that all employees are free to openly communicate with Plaintiff at any time~~.

IT IS THEREFORE, ORDERED, that Defendants MICHAEL J. DELITTA, AXIOM MEDICAL CONSULTING, LLC, AXIOM PROFESSIONALS, LLC, AXIOM PROPERTIES, LLC, DELCOM PROPERTIES, LLC, and NANCY SCHAEFER (the "Parties") and their officers, agents, servants, employees, representatives, affiliates, subsidiaries, assigns, attorneys and all those in active participation with them, who receive notice of this temporary injunction, shall be enjoined, either directly or indirectly, from:

a.     From interfering with or denying each other with access to the real property owned by Axiom located at 25511 Budde Road, Suite 801, The Woodlands, Texas 77380;

b.     From interfering with or denying each other with access to the real property leased or to be leased by Axiom at 4840 N. Panther Creek Drive, The Woodlands, Texas 77381;

c.   From denying each other with access to communicate with any of the employees, officers, agents or representatives of Axiom;

d.   From denying each other with access to any of the books and records of Axiom, as a member, which include but is not limited to all bank accounts, bank statements, insurance policies, insurance records, cell phone records, emails, faxes, accounting records, records maintained on Quickbooks, employee files, payroll records, lease payments, bank payments, payments made in connection to the Panther Creek Property and payments made for improvements to the Panther Creek Property;

e.   From interfering with or denying each other with access to any computer at Axiom, to the date of Axiom, and to any other computer owned or leased by Axiom;

f.   From interfering with or denying each other with access to any employee benefit program of which that Party is a beneficiary;

g.   From interfering with each other's communication with or instructions to any employee of Axiom;

h.   From pledging, disposing, hiding, wasting, secreting, dissipating, transferring, assigning, encumbering, or in any way transferring any interest in the real property and personal property (including cash) owned or held by Axiom;

i.   From interfering with or denying each other with access to communicate with any of the employees of EEPB, P.C. located at 1333 West Loop South, Suite 1400, Houston, Texas 77027, including, but not limited to, J. Michael Wagner, CPA;

j.   From interfering with or denying each other with access to communicate with any of the employees or officers of any bank of financial institution with which the Axiom Companies do business, including, without limitation, Wells Fargo Bank, located at Wells Fargo Business Banking, 21 Waterway, 6th Floor, The Woodlands, Texas 77380, including, but not limited to, Paul Gianelli;

k.   From paying any form of compensation to Defendant DeLitta, that is not also paid simultaneously to Plaintiff, including, but not limited to, salary, distributions,

TEMPORARY INJUNCTION - PAGE 5

withdrawals, bonuses and/or perquisites;

l.     From interfering with each other's instructions for the payment of customary business expenses for Axiom;

m.     From interfering with or closing Plaintiff's American Express credit card maintained in the name of Axiom;

n.     ~~From interfering with or closing Plaintiff's Master Card credit card with Wells Fargo maintained in the name of Axiom;~~

o.     From interfering with each other's access to Axiom's email accounts;

p.     From interfering with each other's instructions to Axiom's payable department to pay for that Party's company car;

q.     From interfering with each other's instructions to Axiom's payable department to pay for that Party's life insurance plan at The Hartford;

r.     From interfering with each other's instructions to Axiom's payable department to pay for that Party's supplemental insurance plan at Aflac;

s.     From interfering with each other's instructions to Axiom's payable department to pay for that Party's licensing fees, continuing education fees and organizational dues;

t.     From interfering with each other's instructions to Axiom's payable department to pay for that Party's corporate cards at American Express ~~and Wells Fargo MasterCard~~ and or that Party's cell phone bill;

u.     From using Axiom's funds for the payment of any retainers, fees or expenses for any valuation expert retained by any Defendant;

v.     From interfering with each other's ability to retain accounting and valuation experts to review the books and records of Axiom and from interfering with each other's ability to allow those experts access the original books. Records and

financial data of Axiom; and

w. From deleting, erasing or altering any data, including any emails on any corporate computer, of Axiom and as may be on any personal computer of any Party; and (.)

x. ~~From interfering with Plaintiff reinstating herself as a Vice-President of Axiom Medical, Axiom Professionals and Axiom Properties and from interfering with Plaintiff notifying all employees of Axiom that she has been reinstated as Vice-President of Axiom such that all employees are free to openly communicate with Plaintiff at any time.~~ Additional provisions 1 through 9 are attached and incorporated in this Order.

IT IS FURTHER, ORDERED, that a final trial shall be heard on the **7th** day of **April**, 20**14**, at **9:00** o'clock **a** .m. in the Courtroom of **the** Judicial Courts of Travis County, Texas, and that Defendants shall then and there show cause why, if any, a Permanent Injunction should not be issued as requested by Plaintiff.

IT IS FURTHER, ORDERED, that the issuance and posting of a bond is hereby waived.

IT IS FURTHER, ORDERED, that the Clerk of the Court is hereby directed to release the cash bond posted by Plaintiff in the amount of $2,500.00 by mailing same to Plaintiff's counsel, Howard F. Carter, Jr., 14185 Dallas Parkway, Suite 1275, Dallas, Texas 75254.

SIGNED this **29th** day of **October**, 2013 at **11:45** o'clock **A** .m.

By: _____
HONORABLE JUDGE PRESIDING

AGREED As To FORM
AND CONTENT:

By: _____
Howard Carter
Attorney for Plaintiff

By: _____
Mark Stromberg
Attorney for Plaintiff

By: _____
Teresa L. DeFord
Attorney for Axiom defendants

By: _____
Joe Griffin
Attorney for Michael J. DeLitta and
DeLCom Properties, LLC

TEMPORARY INJUNCTION - PAGE 7 of 9

1. The Parties shall not discuss this case or the proceedings therein with any employees of Axiom Medical, Axiom Professionals or Axiom Properties except as necessary to implement the provisions of this Order. The Parties shall not discuss this litigation with any third party except as required by law, by subpoena, or by written consent of the Parties, except that they may discuss the litigation with their counsel. The Parties shall refrain from any and all disparagement of one another ~agents, representatives or contractors

2. The Parties shall promptly file a joint motion for appointment of a provisional member consistent with the requirements of TBOC §21.758(b) in order to break any deadlocks with respect to disagreement over transactions outside the ordinary course of business and/or in which Nancy Shaefer's consent is required and is not given such that a deadlock exists.

3. Nancy Schaefer agrees that, notwithstanding the foregoing, she will not participate in the day-to-day activities of Axiom as an employee and that her interaction with Axiom and its employees, agents, representatives and contractors will only be in her role as a member/manager of Axiom, except as may be expressly requested by Δs.

4. To the extent that Nancy Schaefer desires to visit Axiom offices or request data, documents or information, she will provide Axiom personnel with at least one (1) business day's notice of her request. ~~Unless she is unavailable, notice shall be delivered via email to Nicole Beck.~~ Notice shall be provided by email to Brian Pope.

5. If the Parties cannot agree on a treatment for the lease and finishout expense for the Panther Creek Property within ten (10) days from the date hereof, the issue shall be submitted to and decided by a vote of the members and the provisional member; the members or their counsel shall meet or confer in good faith attempts to resolve the matter.

6. Neither ~~party~~ Π nor Δ Delitta shall take any assets or funds from the Axiom companies or their accounts except by mutual written consent in advance.

P-8 of 9

7. Distributions to π and Δ DeLitta shall be in equal amounts, and shall only be made by mutual consent of π and Δ DeLitta

8. Decisions on hiring and firing of employees, ~~agents, representatives or contractors~~ *or officers* and decisions concerning changes in compensation or benefits of existing employees, ~~agents, representatives and contractors,~~ *or officers* shall be by mutual consent of π and Δ DeLitta or, if consensus cannot be achieved, by vote of the members including the provisional member.

9. For payment of attorneys' fees incurred by the parties *each*, Axion shall make a one-time distribution of $50,000 to π and Δ DeLitta



P. 9 of 9

**B**

CAUSE NO. D-1-GN-13-003516

| | | |
|---|---|---|
| NANCY SCHAEFER | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| MICHAEL J. DELITTA, AXIOM | § | |
| MEDICAL CONSULTING, LLC, | § | |
| AXIOM PROFESSIONALS, LLC, | § | |
| AXIOM PROPERTIES, LLC and | § | |
| DELCOM PROPERTIES, LLC | § | |
| | § | |
| *Defendants* | § | 201ST JUDICIAL DISTRICT |

### DEFENDANTS' MOTION TO DISSOLVE
### AND DECLARE TEMPORARY INJUNCTION VOID

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendants Michael J. DeLitta, Axiom Medical Consulting, LLC, Axiom Professionals, LLC, Axiom Properties, LLC and DeLCom Properties, LLC and files this Motion to Dissolve and Declare Temporary Injunction Void.

Subject to and without waiving any claims or rights asserted by defendants in any and all pending appeals, or any contention that venue is proper in Montgomery County, Texas and is improper in Travis County, Texas.

# I.

## INTRODUCTION

**A. The temporary injunction is void and unenforceable and has expired as a matter of law and should be dissolved and declared void.**

1. Specifically, the October 29, 2013 Temporary Injunction (a true and correct copy of which is attached as Exhibit A), is void because it fails to meet the mandatory requirements of Texas Rules of Civil Procedure 683 and 684, and it has expired by its own terms. For example, the temporary injunction fails to set forth the reasons for its issuance, fails to be specific in its terms, fails to set a current trial date, and fails to set a bond. The trial date specified in the Temporary Injunction, of April 7, 2014, passed. Thus, the Temporary Injunction which was for the period of time leading up to that trial date is void and should be dissolved. This was only a temporary order until the April 7th trial. There is not even general language in the Temporary Injunction to the effect that the Temporary Injunction would remain in effect any period of time beyond April 7th or until trial when it occurs.

2. The temporary injunction is void for the following three independent reasons – first, it fails to state any reason for its issuance, by failing to define the injury and failing to describe why it is irreparable; second, the trial date referenced has passed and the temporary injunction has not been renewed in any manner with a new trial date; and third, it requires no bond. These are mandatory requirements cannot be waived, and these failures make the Temporary Injunction (a copy of which is attached hereto as Exhibit A) void and unenforceable pursuant to Texas Rules of Civil Procedure 683, 684, and supporting authorities stated below. Rule 683 states:

*Every order granting an injunction and every restraining order shall set forth the reasons for its issuance*; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise…

*Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought.* The appeal of a temporary injunction shall constitute no cause for delay of the trial. (emphasis added).

Rule 684 states:

In the order granting any temporary restraining order or temporary injunction, *the court shall fix the amount of security to be given by the applicant. Before the issuance of the temporary restraining order or temporary injunction the applicant shall execute and file with the clerk a bond to the adverse party, with two or more good and sufficient sureties, to be approved by the clerk, in the sum fixed by the judge,...* (emphasis added).

3. A temporary restraining order or temporary injunction is void if it does not comply with the requirements of Texas Rules of Civil Procedure 683 and 684. *See Qwest Comms. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex.2000); *see also e.g., InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex.1986) (injunction order void because it did not set case for trial on merits); *Goodwin v. Goodwin,* 456 S.W.2d 885, 885 (Tex.1970) (injunction order void because bond was not filed before injunction issued); *Beckham v. Beckham*, 672 S.W.2d 41, 43 (Tex. App.—Houston [14th Dist.] 1984, no writ) (injunction order void because it did not set out reasons for issuance); *In re Office of the Atty. Gen.*, 257 S.W.3d 695, 697 (Tex.2008) (injunction order void if it does not comply with Rules 680 and 684).



**B.  The temporary injunction *must* state reasons for issuance. And the order here does not.**

4.  The order must make certain specific statements.  Tex. R. Civ. P. 683.  The requirements of Rule 683 are mandatory and must be strictly followed.  *Quest Comms.*, 24 S.W.3d at 337; *see Poole v. U.S. Money Reserve, Inc.*, No. 09–08–137CV, 2008 WL 4735602, *9-13 (Tex. App.--Beaumont October 30, 2008, no pet.) (memo. op.) (reversing agreed temporary injunction for being overbroad, lacking reasons, and lacking a trial date).  An injunction order that does not comply with Rule 683 is subject to being declared void and dissolved.  *Id.*

5.  In its order, the court must do the following:  state the reasons for the issuance of the injunction by defining the injury and describing why it is irreparable.  Tex. R. Civ. P. 683; *State v. Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex.1971).  Rule 683 requires the order issuing the injunction to state the reasons an injury will be suffered if the interlocutory relief is not granted.  *Cook United*, 464 S.W.2d at 106; *Kotz v. Imperial Capital Bank,* 319 S.W.3d 54, 56 (Tex. App.—San Antonio 2010, no pet.); *Internat'l Broth. of Elec. Workers Local Un. 479 v. Becon Constr. Co., Inc.*, 104 S.W.3d 239, 243 (Tex. App.—Beaumont 2003, no pet.); *Fasken v. Darby,* 901 S.W.2d 591, 593 (Tex. App.—El Paso 1995, no writ); *Moreno v. Baker Tools, Inc.*, 808 S.W.2d 208, 210 (Tex. App.—Houston [1st Dist.] 1991, no writ); *see Contra Pinebrook Props., Ltd. v. Brookhaven Lake Prop. Owners Ass'n.,* 77 S.W.3d 487, 504 (Tex. App.—Texarkana 2002, pet. denied) (Rule 683 does not require court to state reason injury would be suffered).  The reasons must be stated because the appellate court cannot infer them from the

evidence, the pleadings, or the court's oral pronouncement at the hearing. *Moreno*, 808 S.W.2d at 211. "An injunction that fails to identify the harm that will be suffered if it does not issue must be declared void and dissolve even if the complaining party fails to bring it to the courts attention" *Id.*; *see supra*.

**C. The temporary injunction has expired. Such an order *must* set the case for trial on the merits. Here, the order does not, as the trial date has passed. Also, the order is void for failure to fix a bond.**

6. A temporary injunction must include an order setting the case for a trial on the merits. Tex. R. Civ. P. 683; *Qwest Comms.*, 24 S.W.3d at 337; *InterFirst Bank San Felipe*, 715 S.W.2d at 641; *see Poole*, 2008 WL at *9-13. If the injunction does not set the case for a trial on the merits, it is void. *Qwest Comms.*, 24 S.W.3d at 337; *InterFirst Bank San Felipe*, 715 S.W.2d at 641; *City of Sherman v. Eiras*, 157 S.W.3d 931, 931 (Tex. App.—Dallas 2005, no pet.); *EOG Res., Inc. v. Gutierrez*, 75 S.W.3d 50, 52-53 (Tex. App.—San Antonio 2002, no pet.); *see Conlin v. Haun*, 419 S.W.3d. 682, 686-87 (Tex. App. Houston [1st Dist.] 2013, no pet.) (holding agreed temporary injunction void for failure to set case for trial; Rule 683 is mandatory); *Poole*, 2008 WL at *9-13. This temporary injunction does not even state it remains in force until trial. The trial date passed so the temporary injunction expired and is void.

7. Requiring a trial date to be placed in every injunction prevents temporary injunction from effectively becoming permanent without a trial. *See Emex Holdings LLC v. Naim,* No. 13-09-591-CV, 2013 WL 1683614, *1-2 (Tex. App.—Corpus Christi 2010, no pet.). It places the onus on the party requesting the injunctive relief to renew the injunction if the trial is delayed beyond the trial date set in the order. *See id.* Reference to a docket control order is not enough. *See id.* The new trial date must be stated in the order itself. *See id.*

8.  The Temporary Injunction here expired by its own terms on April 7, 2014 after 9:00 a.m. *See* Exhibit A, page 13. **Therefore, Defendants object to, and move to strike and quash, the motions to enforce and for contempt as they are moot, groundless, harassing, and frivolous.**

9.  In addition, "The Supreme Court has construed strictly the requirement of Texas Rule of Civil Procedure 684 that, before a trial court issues a temporary restraining order or temporary injunction, the applicant shall execute and file with the clerk a bond to the adverse party." *Chambers v. Rosenberg*, 916 S.W.2d 633, 634-35 (Tex. App.--Austin 1996, writ denied) (affirming order denying motion for contempt and holding agreed temporary injunction was void for lack of bond) (citing *Ex parte Jordan*, 787 S.W.2d 367, 368 (Tex.1990) (holding temporary restraining order void for lack of requirement of separate bond); *Ex parte Lesher*, 651 S.W.2d 734, 735–36 (Tex. 1983) (holding temporary restraining order void because court waived bond); *Goodwin v. Goodwin*, 456 S.W.2d 885, 885 (Tex.1970) (holding the failure of applicant to file a bond before the issuance of the temporary injunction renders the injunction void); *Lancaster v. Lancaster*, 291 S.W.2d 303, 308 (Tex. 1956) (holding bond provisions of Rule 684 are mandatory and that an injunction issued without a bond is void)). The Texas Supreme Court "has held that temporary orders filed without the bond are void, not merely voidable." *Id.* (citing *Goodwin*, 456 S.W.2d at 885; *Lesher*, 651 S.W.2d at 735–36). Furthermore, the temporary time for any bond, i. e., until the April 7th trial date, has passed. Thus, there is no bond at all, or arguable agreement of a bond being in place beyond the April 7th trial setting.

10. Like the temporary injunction here, in *Eichelberger*, "the order issued by the trial court expressly states: 'The requirement of a bond is hereby dispensed with.'" *Eichelberger v. Hayton*, 814 S.W.2d 179, 182 (Tex. App.—Houston [1st Dist.] 1991, writ denied) (dissolving trial court's temporary injunction) ("Rule 684 of the Texas Rules of Civil Procedure requires that the court fix the amount of security to be given by an applicant for a temporary injunction."). But nothing in the rules provides "for waiver of this requirement." *Id.* "Under rule 684, a bond is specifically required as a condition precedent to the issuance of a temporary injunction, and the failure of the applicant to file such a bond renders the injunction void ab initio." *Id.* (citing *Lesher*, 651 S.W.2d at 736; *Goodwin*, 456 S.W.2d at 885; *Lancaster*, 291 S.W.2d at 308; *Couch Mortgage Co. v. Hughes*, 536 S.W.2d 70, 72 (Tex. Civ. App.—Houston [1st Dist.] 1976, no writ)).

**D. The above mandatory requirements cannot be waived by agreement or otherwise.**

11. Texas courts have held that a party cannot waive an objection to a temporary injunction that does not comply with Rule 683 because the rule's requirements are mandatory and must be strictly followed. *See e.g., Internat'l Broth.*, 104 S.W.3d at 243; *Evans v. C. Woods, Inc.*, 34 S.W.3d 581, 582-83 (Tex. App.—Tyler 1999, no pet.); *Big D Props., Inc. v. Foster*, 2 S.W.3d 21, 23 (Tex. App.—Fort Worth 1999, no pet.); *360 Degree Comm. v. Grundman*, 937 S.W.2d 574, 575 (Tex. App.—Texarkana 1996, no writ).



Cause No. D-1-GN-13-003516
Schaefer v. DeLitta et al Motion to Dissolve and Declare TI Void

12. It does not matter if the temporary injunction is agreed, these requirements cannot be waived *See Conlin*, 419 S.W.3d. at 688-87 (holding agreed temporary injunction void for failure to set case for trial Rule 683 is mandatory, and rejecting arguments of waiver and estoppel).

## III.

### HISTORY AS TO PRIOR EFFORTS TO ENFORCE
### THE TEMPORARY INJUNCTION

13. On June 18, 2014 at 2:00 p.m. a Motion to Enforce the Temporary Injunction, made the basis of this motion. The Defendants claimed a lack of sufficient notice in violation of the local rules and responded in the same fashion as this Motion but in a response. Visiting Judge James Morgan of Hamilton County granted in part plaintiff's motion and denied the objection to late filing and request the temporary injunction be declared void and unenforceable as asserted in the response. Defendant files this request for dissolution and requests the temporary injunction be declared void out of an abundance of caution as Plaintiff has made the following argument in a pending accelerated appeal from Judge Morgan's Order. "*No appeal right because request made in response and not in motion*," see, e.g., Motion to Dismiss Interlocutory Appeal (Envelope #2302282), Cause No. 03-14-00426-CV (filed August 27, 2014) in the Third Court of Appeals, p. 10 ("It is true that the end of Appellants' response to Schaefer's Motion for Enfrocement contained a request that the court "declare the October 29, 2014 temporary injunction void, unenforceable, and dissolved." But the argument presented—both in the response and at the hearing on the motion to enforce—was only that DeLitta could not be held in contempt based on an invalid injunction. At the hearing, counsel for Appellants never asked

the trial court to dissolve the injunction. The words dissolve or dissolution never appear in the hearing record at all. And a single reference to dissolution in a response is not a motion to dissolve a temporary injunction. **The statute requires a motion**." (emphasis added).

## IV.

## CONCLUSION

14. For the foregoing reasons, Defendants request that Exhibit A, the Temporary Injunction of October 29, 2013, be dissolved and declared void.

Respectfully submitted,

Drucker | Hopkins LLP

__/s/ **Douglas R. Drucker**_____
Douglas R. Drucker
Texas Bar No. 06136100
Kirby D. Hopkins
Texas Bar No. 24034488
21 Waterway Avenue, Suite 300
The Woodlands, Texas 77380
281.362.2863 (phone)
855.558.1745 (fax)
drucker@druckerhopkins.com (email)
hopkins@druckerhopkins.com (email)
**Attorneys for Defendants**
**Michael J. DeLitta, Axiom Medical Consulting, LLC, Axiom Professionals, LLC, Axiom Properties, LLC, and DeLCom Properties, LLC**

Timothy J. Herman
State Bar No. 09513700
therman@howrybreen.com
James Hatchitt

State Bar No. 24072478
jhatchitt@howrybreen.com
HOWRY BREEN & HERMAN, LLP
1900 Pearl Street
Austin, Texas 78705
512.474.7300 (phone)

**Local Counsel for Defendants**

## CERTIFICATE OF SERVICE

I certify that pursuant to the Texas Rules of Civil Procedure, a true and correct copy of the foregoing was served via (hand delivery ____; CMRRR ____; fax or eFile notification __X__) to counsel of record on the 22nd day of October, 2014:

Howard F. Carter
THE CARTER LAW FIRM
5600 Tennyson Parkway, Suite 160
Plano, Texas 75024

Donald Taylor
TAYLOR DUNHAM AND RODRIGUEZ, LLP
301 Congress Avenue, Suite 1050
Austin, Texas 78701

Eric J. Taube
HOHMANN, TAUBE & SUMMERS, LLP
100 Congress Avenue, 18th Floor
Austin, Texas 78701

Teresa DeFord
DEFORD LAW FIRM, PLLC
4840 W. Panther Creek Drive, Suite 201
The Woodlands, Texas 77381

David Joseph Griffin
GRIFFIN & GRIFFIN, PLLC
8505 Technology Forest Drive, Suite 804
The Woodlands, Texas 77381

*/s/Douglas R. Drucker*_____
Douglas R. Drucker



387

# EXHIBIT   A



DC        BK13303 PG35

Filed in The District Court
of Travis County, Texas

LM OCT 29 2013

At _____ 12:09 ____ M.

Amalia Rodriguez-Mendoza, Clerk

**CAUSE NO. GN-13-003516**

| | | |
|---|---|---|
| **NANCY SCHAEFER,** | ' | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | ' | |
| | ' | |
| **vs.** | ' | |
| | ' | |
| **MICHAEL J. DELITTA,** | ' | **TRAVIS COUNTY, TEXAS** |
| **AXIOM MEDICAL CONSULTING,** | ' | |
| **LLC, AXIOM PROFESSIONALS,** | ' | |
| **LLC, AXIOM PROPERTIES, LLC,** | ' | |
| **and DELCOM PROPERTIES, LLC,** | ' | |
| | ' | |
| **Defendants.** | ' | **201st JUDICIAL DISTRICT** |

## TEMPORARY INJUNCTION

**NANCY SCHAEFER,** ("Plaintiff") has filed a Verified Application for Temporary Restraining Order and Temporary and Permanent Injunction, and, in connection therewith, has presented to the Court a request for a Temporary Injunction, as set forth in Plaintiff's Original Petition. The Parties, and their officers, agents, servants, employees, representatives, affiliates, subsidiaries, assigns, attorneys and all those in active participation with them, who receive notice of this Temporary Injunction, shall be enjoined from either directly or indirectly from:



TEMPORARY INJUNCTION - PAGE 1

**POSTED** aa

389

Axiom Companies do business, including, without limitation, Wells Fargo Bank, located at Wells Fargo Business Banking, 21 Waterway, 6th Floor, The Woodlands, Texas 77380, including, but not limited to, Paul Gianelli;

k. From paying any form of compensation to Defendant DeLitta, that is not also paid simultaneously to Plaintiff, including, but not limited to, salary, distributions, withdrawals, bonuses and/or perquisites;

l. From interfering with each other's instructions for the payment of customary business expenses for Axiom;

m. From interfering with or closing Plaintiff's American Express credit card maintained in the name of Axiom;

n. ~~From interfering with or closing Plaintiff's Master Card credit card with Wells Fargo maintained in the name of Axiom;~~

o. From interfering with each other's access to Axiom's email accounts;

p. From interfering with each other's instructions to Axiom's payable department to pay for that Party's company car;

q. From interfering with each other's instructions to Axiom's payable department to pay for that Party's life insurance plan at The Hartford;

r. From interfering with each other's instructions to Axiom's payable department to pay for that Party's supplemental insurance plan at Aflac;

s. From interfering with each other's instructions to Axiom's payable department to pay for that Party's licensing fees, continuing education fees and organizational dues;

t. From interfering with each other's instructions to Axiom's payable department to pay for that Party's corporate credit card at American Express ~~and Wells Fargo MasterCard~~ and or that Party's cell phone bill;

v. From using Axiom's funds for the payment of any retainers, fees or expenses for

c.      From denying each other with access to communicate with any of the employees, officers, agents or representatives of Axiom;

d.      From denying each other with access to any of the books and records of Axiom, as a member, which include but is not limited to all bank accounts, bank statements, insurance policies, insurance records, cell phone records, emails, faxes, accounting records, records maintained on Quickbooks, employee files, payroll records, lease payments, bank payments, payments made in connection to the Panther Creek Property and payments made for improvements to the Panther Creek Property;

e.      From interfering with or denying each other with access to any computer at Axiom, to the date of Axiom, and to any other computer owned or leased by Axiom;

f.      From interfering with or denying each other with access to any employee benefit program of which that Party is a beneficiary;

g.      From interfering with each other's communication with or instructions to any employee of Axiom;

h.      From pledging, disposing, hiding, wasting, secreting, dissipating, transferring, assigning, encumbering, or in any way transferring any interest in the real property and personal property (including cash) owned or held by Axiom;

i.      From interfering with or denying each other with access to communicate with any of the employees of EEPB, P.C. located at 1333 West Loop South, Suite 1400, Houston, Texas 77027, including, but not limited to, J. Michael Wagner, CPA;

j.      From interfering with or denying each other with access to communicate with any of the employees or officers of any bank of financial institution with which the Axiom Companies do business, including, without limitation, Wells Fargo Bank, located at Wells Fargo Business Banking, 21 Waterway, 6th Floor, The Woodlands, Texas 77380, including, but not limited to, Paul Gianelli;

k.      From paying any form of compensation to Defendant DeLitta, that is not also paid simultaneously to Plaintiff, including, but not limited to, salary, distributions,

391

financial data of Axiom; and

w. From deleting, erasing or altering any data, including any emails on any corporate computer, of Axiom and as may be on any personal computer of any Party; and (c)

x. ~~From interfering with Plaintiff reinstating herself as a Vice-President of Axiom Medical, Axiom Professionals and~~ Axiom Properties and from interfering with Plaintiff notifying all employees of Axiom that she has been reinstated as Vice-~~President of Axiom such that all employees are free to openly communicate with Plaintiff at any time~~. Additional provisions 1 through 9 are attached and incorporated in this Order.

IT IS FURTHER, ORDERED, that a final trial shall be heard on the __7th__ day of __April__, 20__14__, at __9:00__ o'clock __a__ .m. in the Courtroom of __the__ Judicial Courts of Travis County, Texas, and that Defendants shall then and there show cause why, if any, a Permanent Injunction should not be issued as requested by Plaintiff.

IT IS FURTHER, ORDERED, that the issuance and posting of a bond is hereby waived.

IT IS FURTHER, ORDERED, that the Clerk of the Court is hereby directed to release the cash bond posted by Plaintiff in the amount of $2,500.00 by mailing same to Plaintiff's counsel, Howard F. Carter, Jr., 14185 Dallas Parkway, Suite 1275, Dallas, Texas 75254.

SIGNED this __29th__ day of __October__, 2013 at __11:45__ o'clock __A__ .m.

By _____
HONORABLE JUDGE PRESIDING

AGREED As To FORM
AND CONTENT:

By: _____
Howard Carter
Attorney for Plaintiff

By: _____
Mark Stromberg
Attorney for Plaintiff

By: _____
Teresa L. DeFord
Attorney for Axiom defendants

By: _____
Joe Griffin
Attorney for Michael J. DeLitta and DeLCom Properties, LLC

TEMPORARY INJUNCTION - PAGE 7 of 9

392

7. Distributions to TT and Δ DeLitta shall be in equal amounts, and shall only be made by mutual consent of TT and Δ DeLitta

8. Decisions on hiring and firing of employees, ~~agents, representatives or contractors~~ *or officers* and decisions concerning changes in compensation or benefits of existing employees, ~~agents, representatives and contractors~~ *or officers* shall be by mutual consent of TT and Δ DeLitta or, if consensus cannot be achieved, by vote of the members including the provisional member.

9. For payment of attorneys' fees incurred by the parties, Axion shall make a one-time distribution of $50,000 to TT and Δ DeLitta



p. 9 of 9

Unofficial copy - Travis Co. District Clerk Amelia Rodriguez-Mendoza

| | | |
|---|---|---|
| NANCY SCHAEFER, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| MICHAEL J. DELITTA, AXIOM | § | |
| MEDICAL CONSULTING, LLC, | § | |
| AXIOM PROFESSIONALS, LLC, | § | |
| AXIOM PROPERTIES, LLC and | § | |
| DELCOM PROPERTIES, LLC, | § | |
| | § | |
| *Defendants.* | § | 201ST JUDICIAL DISTRICT |

## VERIFICATION

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| MONTGOMERY COUNTY | § |

BEFORE ME, the undersigned authority, on this day personally appeared, Douglas R. Drucker, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

"My name is Douglas R. Drucker. I am capable of making this verification. I have read the Defendants' Motion to Dissolve and Declare Temporary Injunction Void. The facts stated in it are within my personal knowledge and are true and correct, except for those where the context of the answer makes clear that my answer is based upon information gleaned from other sources, and legal contentions are not made under oath. A true and correct copy of the Agreed Temporary Injunction of October 29, 2013 is attached as Exhibit A."

Douglas R. Drucker

SWORN TO AND SUBSCRIBED before me on October 22, 2014.



DOROTHY HOEHNE
Notary Public, State of Texas
My Commission Expires
September 05, 2018

Notary Public in and for the State of Texas

394

My commission expires: _____



C

Filed In The District Court
of Travis County, Texas
on January 16, 2015
at 2:27 PM.
Velva L. Price, District Clerk

CAUSE NO. D-1-GN-13-003516

| | | |
|---|---|---|
| NANCY SCHAEFER, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| MICHAEL J. DELITTA, | § | TRAVIS COUNTY, TEXAS |
| AXIOM MEDICAL CONSULTING, | § | |
| LLC, AXIOM PROFESSIONALS, | § | |
| LLC, AXIOM PROPERTIES, LLC, | § | |
| DELCOM PROPERTIES, LLC, | § | |
| | § | |
| Defendants. | § | 201st JUDICIAL DISTRICT |
| | § | |

## ORDER ON DEFENDANTS' MOTION TO DISSOLVE
## AND DECLARE TEMPORARY INJUNCTION VOID

On December 15, 2014, this Court heard Defendants' Motion To Dissolve and Declare Temporary Injunction Void. After considering the arguments of counsel and having reviewed the pleadings on file, the Court DENIES Defendants' Motion to Dissolve and Declare Temporary Injunction Void.

SIGNED this 16th day of January 2015.

JUDGE PRESIDING



468

**AGREED AS TO FORM:**

**TAYLOR DUNHAM AND RODRIGUEZ LLP**
301 Congress Avenue, Suite 1050
Austin, Texas 78701
Telephone:  (512) 473-2257
Facsimile:  (512) 478-4409

By:   _____
        Donald R. Taylor
        State Bar No. 19688800
        dtaylor@taylordunham.com

        Of Counsel Stacey Reese
        State Bar No. 24056188
        stacey@reeselawpractice.com

**HOWARD F. CARTER, JR., P.C.**
Attorneys & Counselors
Howard F. Carter, Jr.
State Bar No. 03916500
5600 Tennyson Parkway, Suite 160
Plano, Texas 75024
Telephone: (972) 455-2001
Facsimile: (972) 455-2015
Email: sam@scarterlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

**DRUCKER HOPKINS, LLP**
Douglas R. Drucker
Kirby Hopkins
21 Waterway Avenue, Suite 300
The Woodlands, TX 77380
Telephone: (281) 362-2863
Facsimile: (855) 558-1745

By: _____

Douglas R. Drucker
State Bar No. 24034488
Kirby Hopkins
State Bar No. 24034488

**HOWRY BREEN & HERMAN, LLP**
Timothy J. Herman
State Bar No. 09513700
James Hatchitt
State Bar No. 24072478
1900 Pearl Street
Austin, Texas 78705
Telephone: (512) 474-7300
Facsimile: (512) 474-8557

**ATTORNEYS FOR DEFENDANTS
MICHAEL J. DELITTA, AXIOM
MEDICAL CONSULTING, LLC,
AXIOM PROFESSIONAL, LLC,
AXIOM PROPERTIES, LLC, AND
DELCOM PROPERTIES, LLC**